Toney De Luka, Appellant, *v.* Richard Goodwin et al.,
Respondents.

Plaintiff entered into a contract with M. & R. to do the mason work on
certain houses to be constructed by them, in pursuance of a contract
between them and defendants. Defendants executed a guaranty to
plaintiff for the payment of the several sums agreed to be paid to him
by M. & R., at the times and in the manner stated. In an action
upon the guaranty these facts appeared: Plaintiff performed the
contract on his part until he was notified by M. & R. to stop, and fur-
ther performance was prevented by their failure to furnish timbers, as
agreed, so that the work could be carried on. Plaintiff was at all times
ready, able and willing to carry on his contract. Defendants had car-
ried out their contract with M. & R., and the discontinuance of the work
was not rendered necessary by any failure on their part. Plaintiff had
been paid for the work done by him up to the time of the discontinu-
ance, and claimed to recover the balance of the contract price, after
deducting therefrom the sums paid, and what it would cost to complete
the work. *Held*, untenable; that the guaranty was not of the whole
and entire performance by M. & R., but simply of payment of the
installments specified in the contract, at certain periods as the work pro-
gressed, and when the house arrived at certain stages; and as the con-
ditions under which the unpaid installments were to become due had not
happened, the complaint was properly dismissed.

(Argued March 22, 1894; decided April 10, 1894.)

Appeal from judgment of the General Term of the City
Court of Brooklyn, entered upon an order made November
30, 1892, which affirmed a judgment in favor of defendants
entered upon an order dismissing the complaint on trial at
Special Term.

This was an action upon a guaranty executed by defendants
and annexed to a building contract entered into by plaintiff
with the firm of D. C. Ross & Co.

The guaranty in question and the facts, so far as material,
are stated in the opinion.

*Joseph A. Burr* for appellant. Whatever damages plain-
tiff has sustained by reason of the inexcusable failure of Miller
& Ross to pay the amounts specified in their agreement with

him at the time, and in the manner therein specified, defendants are liable for. He who guarantees the act of another is bound to see that the latter fulfills the engagement made in his behalf. (9 Am. & Eng. Ency. of Law, 80.) A contract of a surety is to be construed so as to give effect to the intention of the parties. That intention must be gathered from and in some respects controlled by the nature of the contract entered into, and it must be interpreted in the light of the circumstances attending the execution of the instrument. (*R. C. Bank* v. *Elwood,* 21 N. Y. 88; *Powers* v. *Clark,* 127 id. 417; *Belloni* v. *Freeborn,* 63 id. 388; *Crist* v. *Burlingame,* 62 Barb. 351; *C. N. Bank* v. *Phelps,* 97 N. Y. 44; *Schwartz* v. *Heyman,* 107 id. 562; *Beakes* v. *Decuna,* 26 id. 293; *People* v. *Backus,* 117 id. 196; *McElroy* v. *Mumford,* 128 id. 303.) It is true that there is no express stipulation in the agreement between plaintiff and Miller & Ross that they will proceed with their part of the work, or that they will abstain from interfering with and preventing the plaintiff performing his work; but, if necessary, the court will imply such an agreement to exist. (*Booth* v. *C. M. Co.,* 74 N. Y. 15; *Mansfield* v. *N. Y. C. R. R. Co.,* 102 id. 211.) It seems to be conceded, and the court below expressed its opinion, that if the action had been against Miller & Ross the plaintiff would have been entitled to recover from them over $4,000, because where a party has by his own act made the performance of a condition precedent impossible, he is estopped from denying that the plaintiff has not performed. (*Rockwell* v. *Hurst,* 36 N. Y. S. R. 735; *Risley* v. *Smith,* 64 N. Y. 576.) If then the contract was to be as strictly construed as it was by the court below, so that performance of the condition precedent that the payments had become due at the times and in the manner above specified, or its equivalent must be shown to make defendants liable, still the plaintiff must recover. For where the principal is concluded by his acts, the surety, in the absence of fraud or collusion, is concluded also. (*Douglass* v. *Howland,* 24 Wend. 35; *McLean* v. *Watson,* 26 id. 435; *Cassoni* v. *Jerome,* 58 N. Y. 315; *Schofield* v. *Underhill,* 72

id. 565.) As the plaintiff was induced to enter into the contract with Miller & Ross by the agreement of the defendants to make to him the payments therein specified, that was an original agreement on the part of the defendants which made them liable as the principal debtors. (*Dunham* v. *Morrow*, 2 N. Y. 542; *Brown* v. *Curtis*, Id. 228; *Brown* v. *Arkell*, 40 Ark. 429; *Baldwin* v. *Hires*, 73 Ga. 739; *Lent* v. *Paddleford*, 10 Mass. 230; *Gridley* v. *Capon*, 72 Ill. 11.) Although the contract between plaintiff and Miller & Ross provided that he was to take a second mortgage as part payment, he is entitled to recover the entire amount of his damages in money, because if a contract price is to be paid in merchandise, which is refused, an action may then be had for the money itself. (*Chase* v. *Leffler*, 12 Wkly. Dig. 182.) The court also erred in admitting the evidence objected to by the plaintiff as to the former action. (Abb. Tr. Brief, § 765.)

*Paul E. De Fere* for respondents. The defendants are not liable. They made a distinct contract of guaranty, and can be made liable only by its express terms. They have no implied liability whatever. (*Grant* v. *Smith*, 46 N. Y. 93–97; *Kingsbury* v. *Westfall*, 61 id. 360; *Miller* v. *Rinehart*, 119 id. 368–378; *Benjamin* v. *Rogers*, 126 id. 70; *Bank* v. *Ewing*, 131 id. 508; *Miller* v. *Stewart*, 9 Wheat. 681, 702, 703.) Plaintiff's quitting work was a breach of his obligation to the guarantors and inconsistent with their right to have him go on. (9 Am. & Eng. Ency. of Law, 81.)

PECKHAM, J. The sole question here arises as to the meaning of the guaranty signed by defendants.

The plaintiff had entered or was about to enter into a contract with Miller & Ross to do the mason work upon some houses which they were then intending to erect in Brooklyn on land which they had purchased from the defendant Goodwin. They had agreed with Goodwin to build the houses of a specified kind, and he had agreed with them to loan them the sum of $15,000, to be secured by their bond and by a

mortgage on the land. The loan was to be made in install-
ments as the work progressed on each house and at certain
specified stages of the work.

The agreement between plaintiff and Miller & Ross was in
writing, and the plaintiff was to be paid a certain named sum
when the basement walls on any three buildings were built
ready for the second tier of beams, and certain other sums
when certain other and further work had been done, the sum
total being $16,750. The defendants then signed the guaranty
which follows the agreement between plaintiff and Miller &
Ross, and it is in this language :

" In consideration of the party of the second part above
named entering into the covenants contained in the foregoing
agreement, and in consideration of the sum of one dollar to
us in hand paid, the receipt whereof is hereby acknowledged,
we, Richard Goodwin and John W. Phelps, hereby jointly
and severally guarantee to the said Toney De Luka, party of
the second part as aforesaid, the payment of the several sums
agreed to be paid to him in the foregoing agreement at the
times and in the manner therein specified.

" Dated *July eighth*, 1890.

" GOODWIN & PHELPS."

After the execution of the agreements above mentioned the
plaintiff entered upon the work and did everything he was
called upon to do by his agreement with Miller & Ross up to
the 26th of August, 1890, when they notified him to stop
work, and it would have been necessary to stop in a few days
in any event owing to their inability and failure to comply
with their obligation to furnish timber so that the work could
be carried on. The plaintiff was at all times ready, able and
willing to carry on his contract with Miller & Ross, and would
have completed the work according to his contract if he had
not been prevented by their action. The defendants on their
part had also carried out their contract with Miller & Ross,
and the discontinuance of the work was not rendered neces-
sary by reason of any failure on the part of the defendants.

The court found as a fact that after deducting from the contract price of the work the sum necessary to complete the performance of the contract by the plaintiff, and the sum already paid to him on account thereof, there would be a balance of $4,399. This sum the plaintiff claims the defendants must pay by reason of the above guaranty, although the houses have not been built or the work done as provided in the plaintiff's contract with Miller & Ross.

If this guaranty is to be construed as one which guarantees the whole and entire performance of the contract on the part of Miller & Ross, then the defendants would probably be liable, while if it be treated as one which simply guaranteed that Miller & Ross would pay the plaintiff certain amounts of money at certain periods of the progress of the work provided for in the contract, it seems to be plain that the plaintiff has failed to prove his case.

We think the latter construction of the contract of guaranty is the true one.

The first reason that causes us to think so is that the contract itself says so in plain language. The defendants simply guarantee the payment of the several sums agreed to be paid the plaintiff by the agreement between him and Miller & Ross at the times and in the manner therein specified. That seems to be a plain and unambiguous contract and one which does not require the aid of surrounding circumstances to make clear its meaning. But if they are looked at the meaning seems to remain the same. The defendant Goodwin owned the land which he sold to Miller & Ross, and they were to put up the houses and he agreed to loan them $15,000 to be paid in installments as the work of building progressed. By a subsequent agreement Goodwin & Phelps agreed to advance to Miller & Ross an additional $1,000, secured by another bond and mortgage, and payable, with interest, on or before six months from their date. The circumstances surrounding the parties were such that defendants might be ready to make such a contract of guaranty as we think this was, and be at the same time quite unwilling to guarantee the full perform-

ance of the contract by Miller and Ross.   If they simply were to guarantee the payment at the prescribed times they knew that as each installment became due the plaintiff from Miller & Ross the security of defendants' mortgage upon the land and buildings became better, and they might be willing to run the risk of the honest application of the loan made Miller & Ross to the building of the houses, while they would be unwilling to risk and to guarantee their ability to go on with the performance of the contract in other respects, such as placing the buildings and keeping them in readiness and condition for the work by plaintiff.   The result shows the reasonableness of the distinction.

Miller & Ross have been unable to go on with their work in furnishing lumber so that plaintiff might do his work, and it is from no fault of defendants that Miller & Ross have so failed.   The fact now appears that the buildings have not arrived at that stage when any further payments are due plaintiff under the contract, and consequently no breach of defendants' contract has occurred.   The defendants have not guaranteed that Miller & Ross should furnish the lumber. They only guaranteed they would pay certain amounts when the houses arrived at certain stages in the progress of their erection.   They have not yet been thus far built.   There is nothing in the language of the guaranty which imposes an obligation on defendants' part to see to it that Miller & Ross will so act that plaintiff will be enabled to go on and build the houses and thus complete his contract with them.   On the contrary, the guaranty is quite clearly otherwise.   Nor are the defendants estopped from asserting that the conditions upon which they agreed to guarantee the payments to plaintiff have never happened.   There is no question of estoppel in the case.

We think the decision made by the Special Term was correct, and its judgment dismissing the complaint should be affirmed, with costs.

All concur.

Judgment affirmed.