(44 Misc. Rep. 380.)

McAFEE v. WYCKOFF.

(Supreme Court, Trial Term, Kings County. July, 1904.)

1. GUARANTY—CONSTRUCTION.
    Defendant guarantied payment by the vendee for castings to be manufactured by the vendor "as per contract," deliverable in lots. *Held* only a guaranty of the price of castings actually delivered, and not a guaranty for breach of contract by the vendee's refusal to accept castings manufactured and shipped.

2. SAME—AGREEMENT AS TO PAYMENT.
    Where castings were contracted to be delivered, payment to be made on delivery, the vendee reserving a right to inspect before the acceptance, and defendant guarantied payment, the agreement as to payment was not broken by a stipulation that the castings should be shipped with the bill; that the vendee should check them off, and then send check in payment to the vendor.

¶ 1. See Guaranty, vol. 25, Cent. Dig. § 43.

Action by Frederick L. McAfee against Clarence F. Wyckoff on a guaranty of payment under a contract to manufacture and deliver steel castings. Judgment for plaintiff.

After the making of the contract the vendor and vendee arranged that the vendor should ship the castings and send the bill thereof to the office of the vendee, and the vendee should check off the castings so shipped, and then send a check therefor to the vendor. The vendor shipped a considerable portion of the castings, a portion of which the vendee received and paid for, another part of which he received and did not pay for, and still another portion he refused to take from the railway station. The larger portion of the castings were not manufactured or delivery thereof tendered. The plaintiff seeks to recover from the defendant as guarantor payment for the castings received by the vendee and not paid for; also payment for the castings manufactured and shipped to the vendee, and which the vendee refused to accept, together with payment of the difference between the contract price of the castings not manufactured and what it would have cost to manufacture them.

Perkins & Jackson, for plaintiff.
Edward S. Griffing, for defendant.

HERRICK, J. "A guarantor, like a surety, is bound only by the strict letter or precise terms of his contract, and that the claim against him is strictissimi juris." Creamer v. Mitchell, 162 N. Y. 477, 486, 56 N. E. 977, 979. The contract in this case was for 100,000 castings, to be delivered from time to time, at the average rate of 2,000 per day, to be paid for upon delivery. The guaranty was: "I guaranty payment on castings ordered by * * * as per their contract with you." This is not a guaranty that the contract will be fulfilled in all its terms. It is not a guaranty against any breach of the contract. It is simply a guaranty of payment in accordance with the terms of the contract; that is, that payment will be made for the castings delivered upon their delivery. He only became responsible for the castings delivered and received by the vendee, or which were tendered and should have been received by the vendee, and not for any damages suffered by the vendor in consequence of the vendee's terminating the contract. The plaintiff's claim to recover the difference between the contract price and the cost price of manufacturing the castings is a claim for damages for a breach of the contract, and is not a claim for payment for castings delivered. I can see no distinction between this case and that of De Luka v. Goodwin, 142 N. Y. 194, 36 N. E. 1056, and Beagle v. Cable, 55 App. Div. 155, 66 N. Y. Supp. 809. I must therefore hold that the plaintiff cannot recover upon the guaranty the difference between the contract price of the manufactured and untendered castings and what it would have cost to have manufactured them.

As to the contention that there was a departure from the terms of payment provided for in the contract after the guaranty of payment by the defendant, by the arrangement between the vendor and vendee, by which, when the castings were shipped, the vendor should send the bill therefor to the vendee, who should check off the castings, and then send his check therefor, I do not think it can be sustained. When payment for articles is to be made upon delivery, the delivery is not complete until the consignee has had an opportunity to ascertain what is tendered to him, and whether it corresponds with what he is asked

to pay for. "When a vendor sells goods of a specified quality, but not in existence or ascertained, and undertakes to ship them to a distant buyer when made or ascertained, and deliver them to the carrier for the purchaser, the latter is not bound to accept them without examination. The mere delivery of the goods by the vendor to the carrier does not necessarily bind the vendee to accept them. On their arrival he has the right to inspect them to ascertain whether they conform to the contract." Pope v. Allis, 115 U. S. 363, 6 Sup. Ct. 69, 29 L. Ed. 393; Croninger v. Crocker, 62 N. Y. 151; Pierson v. Crooks, 115 N. Y. 539, 22 N. E. 349, 12 Am. St. Rep. 831; Benj. Sales, § 695. It follows from this that a delivery is not complete until there has been a reasonable time for examination or inspection. This applies not only as to the quality of the goods, but also as to numbers when the delivery consists of a number of articles. In this case the contract calls for the shipment from time to time of a number of the articles contracted for, and for payment for the number so delivered from time to time. The vendee had the right of inspection or examination to ascertain whether the number purporting to have been shipped and delivered was in fact delivered, and until a reasonable opportunity was afforded him for that purpose the delivery would not be complete. In this case checking off meant ascertaining the number of castings, and until that number was ascertained it is apparent that the vendee would not know whether the amount set forth in the bill sent to him was correct or not. No contention was made that payment by check was not a compliance with the requirements of the contract. The plaintiff, therefore, is entitled to recover of the defendant the contract price of the castings manufactured and shipped to the vendee's place of business, as set forth in the decision filed herewith.

Judgment for plaintiff.