## WHITALL-TATUM CO. v. MANIX.

### (Supreme Court, Appellate Term. January 8, 1909.)

1. GUARANTY (§ 38*)—CONSTRUCTION—CONTINUING GUARANTY.

A guaranty of payment for goods to be sold on credit which recites that it is to remain in force until withdrawn in writing is a continuing one.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 47; Dec. Dig. § 38.*]

2. GUARANTY (§ 27*)—CONSTRUCTION—GENERAL RULES.

A guaranty is to be taken most strongly against the guarantor; but his liability cannot be extended beyond the fair import of the language of the instrument and the nature of the transaction.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 28; Dec. Dig. § 27.*]

3. GUARANTY (§ 6*)—ACCEPTANCE.

The rights and obligations of parties to a guaranty depend upon their mutual assent to its terms.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 8; Dec. Dig. § 6.*]

4. GUARANTY (§ 36*)—CONSTRUCTION—EXTENT OF LIABILITY.

A guaranty recited that, in consideration of plaintiff's "supplying merchandise on credit" to a company, the defendant guarantied to plaintiff "prompt payment for any goods that the said company may order, the bills to be charged to the company on running account subject to the usual thirty days credit, this guaranty to remain in force until withdrawn in writing." Held, that this was not a guaranty of the entire performance of a contract to purchase goods ordered, and defendant was only liable for purchases completed by actual delivery, and not for goods ordered which remained undelivered because of the purchaser's subsequent insolvency.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 41; Dec. Dig. § 36.*]

Appeal from City Court of New York, Trial Term.

Action by the Whitall-Tatum Company against John E. Manix. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

Charles L. Greenhall, for appellant.

Wilber, Norman & Kahn (Louis L. Kahn, of counsel), for respondent.

BISCHOFF, J. The defendant was sued upon the following guaranty:

"In consideration of Whitall-Tatum Company supplying merchandise on credit to American Dentifrice Co., 51 East 59th St., I hereby guaranty to them

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

prompt payment for any goods that the said company (up to $1,500.) may order from them. The bills to be charged to American Dentifrice Co. on running account, subject to the usual 30 days credit. This guaranty to remain in force until withdrawn in writing."

At the time of the guaranty the dentifrice company had given its order for about $1,500 worth of goods, and thereafter gave orders for others. Of all the goods ordered the plaintiff actually delivered but $222.15 worth when the dentifrice company became financially embarrassed, and ceased to give shipping instructions as agreed, and this action was brought to recover the agreed price of the goods delivered to and accepted by the dentifrice company with that of the goods manufactured by the plaintiff and remaining in its possession.

There can be no reasonable denial that the guaranty was intended to be a continuing one and to apply to future orders. Such is the fair import of the provision for its discontinuance by written notice. So, also, it may be that the plaintiff was absolved from making delivery or tender of delivery of the goods remaining undelivered because of the dentifrice company's insolvency and failure to give the agreed shipping instructions. But it does not follow that the defendant must respond for the value of the goods last referred to, however much the plaintiff would be entitled to recover against the dentifrice company therefor. The defendant did not guaranty the dentifrice company's performance of its contracts with the plaintiff, but bound himself for no more than the prompt payment for goods ordered by that company and supplied by the plaintiff upon a credit of 30 days and which should remain unpaid for at the expiration of that time. Prepared as such instruments usually are in the common affairs of life by persons unacquainted with technical language and legal niceties, a guaranty is to be construed according to what fairly appears therefrom to have been within the contemplation of the parties at the time, and within that rule it is to be taken most strongly against the guarantor; that is to say, if the language is reasonably open to conflicting meanings, that meaning is to be adopted which is most favorable to the guaranty. But the guarantor's liability is in no case to be extended beyond the fair import of the language of the instrument and the nature of the transaction. Particular constructions or interpretations of such instruments, therefore, are of little value in other cases since the language employed and the surrounding circumstances are rarely, if ever, identical, and past adjudications serve only to illustrate the rules applied in arriving at the meaning of the instruments. Henry McShane Co. v. Padian, 142 N. Y. 207, 33 N. E. 880. As in the case of other contracts, however, the rights and obligations of the parties thereto depend upon their mutual assent to the terms of the guaranty (Davis Sewing Mach. Co. v. Richards, 115 U. S. 527, 6 Sup. Ct. 173, 29 L. Ed. 480), and upon no proper theory can there be imported into the instrument a provision not fairly within its language or spirit.

Recurring to the instrument under review, it is obvious that what the parties had in contemplation at the time were purchases by the dentifrice company executed by the actual delivery of the goods ordered. In no other manner can the language of the guaranty be satisfied. A commercial credit for goods purchased usually attaches only

upon the shipment thereof and begins from the date of the invoice which accompanies the shipment. If it be held, therefore, that the present guaranty covers goods ordered but never taken or accepted by the dentifrice company, the provision for a credit of 30 days is wholly disregarded, and a material part of the contract divested of every effect. Furthermore, that the guaranty was intended to cover only purchases completed by actual delivery is apparent from the recital that it was given in consideration of the plaintiff's "supplying merchandise on credit" to the dentifrice company, not in consideration of the plaintiff's mere agreement to supply the merchandise. The plaintiff had several remedies available to it upon the dentifrice company's breach of its contract to purchase the goods ordered. If, instead of treating the goods as those of the dentifrice company, and insisting upon the price agreed to be paid, the plaintiff had sold the goods for the dentifrice company's account, and claimed as damages the difference between the proceeds of sale and the agreed price, it would be plain beyond the peradventure of reasonable dispute that the plaintiff's claim was not within the terms of the guaranty. De Luka v. Goodwin et al., 142 N. Y. 194, 36 N. E. 1056.

We conclude that the trial court erred in directing a verdict for the plaintiff for the full amount claimed, and the judgment appealed from should therefore be reversed and a new trial ordered, with costs to appellant to abide the event, unless the plaintiff will stipulate to reduce its recovery to $222.15, the value of the goods actually delivered, with interest, and costs below, in which event the judgment will be affirmed, as reduced, without costs of this appeal to either party. All concur.