ACME BRICK CO. v. WEST.   (No. 6269.)

(Court of Civil Appeals of Texas.   San Antonio. Oct. 29, 1919.)

1. GUARANTY ☞36(5)—GUARANTOR OF PAYMENT NOT LIABLE FOR OTHER BREACH.

Under contract whereby defendant guaranteed that contractors "will pay for the brick under and according to the contract above," defendant would not be liable for damages arising from failure of contractors to promptly receive all brick.

2. GUARANTY ☞27—CONSTRUCTION OF AGREEMENT.

Since defendant occupies the position of a guarantor who made a separate contract with plaintiff in which the contractors did not join, the court must look to the language of that separate undertaking to ascertain the liability of the guarantor.

3. GUARANTY ☞27—STRICT CONSTRUCTION OF CONTRACT.

The guarantor is entitled to a strict construction of his contract, and can stand upon its very terms.

4. TORTS ☞26(1)—MALICE OR BAD FAITH IN INDUCING BREACH OF CONTRACT.

Complaint alleging that defendant is wholly responsible for and was acting with defendant contractors "in the wrongful rejection of said bricks" held sufficient on general demurrer, though there was no allegation of express malice or bad faith on the part of defendant in causing contractors to breach their contract.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

5. PLEADING ⬳34(3)—SUFFICIENCY ON GENERAL DEMURRER.

On general demurrer, every reasonable intendment must be indulged in favor of the sufficiency of a petition to state a cause of action.

Appeal from Bexar County Court; John H. Clark, Judge.

Suit by the Acme Brick Company against George W. West. Exceptions to petition sustained, and from judgment for defendant plaintiff appeals. Reversed and remanded.

Lewright & Douglas, of San Antonio, for appellant.

Denman, Franklin & McGown, of San Antonio, for appellee.

FLY, C. J.  This suit was instituted by appellant against Ewing & Magee, as principals, and George W. West, as guarantor, to recover $475.93, alleged to be due on a certain contract for bricks made between appellant and Ewing & Magee and guaranteed by appellee. Ewing & Magee, being insolvent, were dismissed from the suit. The court sustained exceptions to the petition, and this appeal was the consequence.

In the contract it was provided that appellant would deliver to Ewing & Magee, on cars at George West station, in Live Oak county, Tex., all the pressed brick necessary to the construction and erection of a hotel and schoolhouse which the latter were erecting for appellee, of a certain quality and color, the number estimated to be about 100,000, for which the contractors were to pay $21 per thousand. The following guaranty was attached to the contract and subscribed by appellee: "I guarantee that Ewing & Magee will pay for the brick under and according to contract above."

The petition was assailed by a general demurrer and special exceptions on the ground that the petition disclosed that appellant was a foreign corporation, and there was no allegation that it had filed its articles of incorporation with the Secretary of State, or procured a permit to do business in Texas, and that it appeared from the petition that all brick delivered to Ewing & Magee had been paid for, and that appellee had not agreed to guarantee payment of any other sums. The petition showed that the demand was not for money due on brick delivered to Ewing & Magee, but was for damages alleged to have accrued by reason of the failure and refusal of said Ewing & Magee to promptly receive brick shipped to them. Among the items of damages were $126.01, expenses of a trip by J. E. Fender, an employé of appellant, to George West station and San Antonio to adjust some differences as to whether the brick were of the right color; $84.99 excess freight paid by appellant by reason of delay in receiving the brick; demurrage, $49; unloading the brick at San Antonio, $73; storage in San Antonio, $25; bricks damaged at San Antonio by unloading $16; unloading bricks at Denton and reloading same, $32.58; and long-distance telephone messages, $9.65. It was alleged that "all of the several expense items aforesaid were reasonable charges, and were incurred by Acme Pressed Brick Company in an effort to minimize the damages ensuing from defendant's wrongful refusal to accept said brick aforesaid." It was also alleged that appellee induced the action of Ewing & Magee that caused the damage.

[1] It is the contention of appellee, in support of the judgment of the court, that "West did not guarantee Ewing & Magee's performance of the whole contract, but merely guaranteed that Ewing & Magee would pay for the bricks, and therefore West could be liable only for the payment, together with interest from the date such payment was due, and it appears from the petition that West has paid for the bricks in full."

[2] Appellee occupies the position of a guarantor who made a separate contract with appellant, in which Ewing & Magee did not join, and to the language of that separate undertaking or agreement we must look to ascertain the liability of the guarantor. The original contract is not the contract of the guarantor, and it cannot be looked to to ascertain the liability of the guarantor. The undertaking of the appellee was a secondary and collateral undertaking to that assumed by the parties to the original contract.

[3] The guarantor is entitled to a strict construction of his contract, and can stand upon its very terms. Applying this construction to the guaranty in this case, and we find that appellee simply guarantees that "Ewing & Magee will pay for the brick under and according to the contract above." There is no doubt or ambiguity about the contract. It was an agreement to pay for all brick delivered to Ewing & Magee of the quality and color described. Appellee did not bind himself to pay any damages arising from a failure of Ewing & Magee to promptly receive all bricks, but merely when so delivered that he would pay for them.

In the case of De Luka v. Goodwin, 142 N. Y. 194, 36 N. E. 1056, a guaranty similar to that given by appellee was given by the defendant, and it was held by the New York Court of Appeals that the guarantor was not liable for anything connected with the original contract except a failure to pay certain sums at certain times. It was held that the guarantor was not liable for any damages arising from a failure to perform the contract.

Again, in the case of McAfee v. Wyckoff, 44 Misc. Rep. 380, 89 N. Y. Supp. 996, the defendant had signed the following: "I guarantee payment on castings ordered by * * * as per their contract with you," and it was held:

"This is not a guaranty that a contract will be fulfilled in all its terms. It is not a guaranty against any breach of the contract. It is simply a guaranty of payment in accordance with the terms of the contract; that is, that payment will be made for the castings delivered upon their delivery. He only became responsible for the castings delivered and received by the vendee, or which were tendered and should have been received by the vendee, and not for any damages suffered by the vendor in consequence of the vendee's terminating the contract."

It is true that the decision cited was rendered by a trial judge, who, in New York parlance, is called a "Supreme Judge," and his court the "Supreme Court," and, while standing alone, would not be an authority, still it follows the Court of Appeals, the court of last resort in New York, in the case of De Luka v. Goodwin, herein cited, and states the law. The McAfee Case is remarkably similar to this case in its facts.

[4] The allegations show that appellee knew what the contract between the parties was, that he caused Ewing & Magee to reject the bricks, and that he afterwards accepted and paid for the bricks, that were rejected. It was further alleged in the petition that appellee "was wholly responsible for and was acting with the defendants Ewing & Magee in the wrongful rejection of said brick," but there is no express allegation of malice or bad faith on the part of appellee in causing a breach of the contract. There seems to be some conflict in decisions on the question, but the Supreme Court of Texas in Raymond v. Yarrington, 96 Tex. 443, 72 S. W. 580, 73 S. W. 800, 62 L. R. A. 962, 97 Am. St. Rep. 914, reviewed both English and American decisions, most of which seem to require allegation and proof of malice in order to bind a third party for damages arising from the breach of a contract brought about by the third party, and held:

"We are of opinion that the rule that, where one knowingly induces another to break his contract with a third person, such third person has a right of action against the one so causing the breach for any damages resulting to him by such breach, is supported by a decided preponderance of authority and by the better principle."

Again, the court said:

"It seems to us that, where a party has entered into a contract with another to do or not to do a particular act or acts, he has as clear a right to its performance as he has to his property, either real or personal, and that knowingly to induce the other party to violate it is as distinct a wrong as it is to injure or destroy his property."

In the case of Brown Hardware Co. v. Indiana Stove Works, 96 Tex. 453, 73 S. W. 800, decided on the same day that the last cited was, the court seems to have concluded that even knowledge was not necessary to fix liability, and held:

"In the case of Raymond v. Yarrington, this day decided, we have held that to induce a party to a contract to break it to the damage of the other party thereto is an actionable wrong."

If that be a true proposition of law, it is clear that an allegation of inducing a person to "wrongfully" breach a contract would state a case.

Again, in the case of Lytle v. Railway, 100 Tex. 292, 99 S. W. 396, 10 L. R. A. (N. S.) 437, the rule is thus stated:

"That one who willfully, and without legal justification or excuse, interferes so as to bring about a breach of a contract between others, is guilty of an actionable wrong is no longer a question in this court."

This is obviously a different rule or a different statement of the same rule. We think, however, that a wrongful interference with a contract would carry with it willfulness and unjustifiableness and inexcusableness. The cases named have been followed in Bowen v. Speer, 166 S. W. 1183, and Evans v. McKay, 212 S. W. 680.

In Elliott on Contracts, § 2685, it is said:

"That a right of action exists in favor of the party injured for the malicious and wrongful interference by third persons with contract rights is well settled both in England and America. Strangers to a contract owe to the parties the duty not to wrongfully interfere with its performance, and a violation of the duty is a tort."

Again, the same author, in section 2690, says:

"So, also, where a party wrongfully interferes with the contract of others, and prevents one from carrying out the contract, thereby resulting in a loss to the other, he is liable to damages."

While the author evidently believes that the weight of authority and better reason would sustain the rule that malice must enter into the interference with a contract by a third party, yet he undoubtedly believes that a wrongful act includes malice, for his definition of malice as used in this connection is:

"The term 'malicious,' in the sense here used, does not mean a personal ill will, but merely a wrongful purpose to injure, or to gain some advantage at the expense of another; an unreasonable and wrongful act done intentionally, without any just cause or excuse." Section 2692.

Whether that be the proper definition of "malice" or not does not matter, as the question of malice seems to be eliminated by the Supreme Court from cases of this character.

[5] The allegation as to interference upon the part of appellee with the contract was attacked only by general demurrer, and every reasonable intendment must be indulged in favor of its sufficiency to state a cause of

action, and we are therefore constrained to hold that the court erred in sustaining the general demurrer as to the allegations on that phase of the case. On the guaranty the exceptions were properly sustained.

For the error indicated the judgment is reversed and the cause remanded.