M. H. METAL PRODUCTS CORPORATION, Appellant, *v.*
ABE APRIL, Respondent.

(Submitted May 2, 1929; decided May 28, 1929.)

*John D. Mithertz* for appellant. The court erred in dismissing the complaint. (*Garrison* v. *McCullough,* 28 App. Div. 467; *Hoffman House* v. *Foote,* 172 N. Y. 348.) Parol evidence is admissible to show that the defendant consented to modification of the contract. (*Mundy* v. *Stevens,* 61 Fed. Rep. 85; 32 Cyc. 159; Brandt on Suretyship [3d ed.], § 423; *Hellman* v. *City Trust Safe Co.,* 111 App. Div. 879; *Hellman* v. *Farrelly,* 132 App. Div. 151; *Pelton* v. *Prescott,* 13 Iowa 567; *Spier* v. *McNaught,* 121 App. Div. 330; *National Radiator* v. *Hull,* 79 App. Div. 109.) The defendant having consented to the modification of the contract, is estopped from claiming release from liability. (*Wheeler, Osgood & Co.* v. *Everett Land Co.,* 14 Wash. 630; *Lenane* v. *Mayer,* 18 Misc. Rep. 454; *Adams* v. *Way,* 32 Conn. 160.)

*Arthur B. Hyman* and *Joseph C. Slaughter* for respondent. Changes or modifications in a contract or deviations from the terms and provisions thereof discharge the guarantor from liability. (*Page* v. *Krekey,* 137 N. Y.

307; *Kingsbury* v. *Westfall*, 61 N. Y. 356; *City of Middletown* v. *Ætna Indemnity Co.*, 97 App. Div. 344; *American Rattan & Reed Mfg. Co., Inc.*, v. *Cone*, 198 App. Div. 843; *Adriance, Platt & Co.* v. *Kelley*, 171 App. Div. 213; *Grant* v. *Smith*, 46 N. Y. 93; *Imperator Realty Co.* v. *Tull*, 228 N. Y. 447.) The Statute of Frauds forbids oral changes either in the substance of the contract or in the terms and conditions of performance. (*Imperator Realty Co.* v. *Tull*, 228 N. Y. 447; *Davidson Coal Co.* v. *Weston*, 209 App. Div. 514; 240 N. Y. 705.) The defendant is not liable for damages for any breach of contract. His guaranty was only " the acceptance of and payment for " jacks " manufactured and delivered * * * in accordance with the terms and conditions of the said contract." The guaranty was not that the contract would be fulfilled in all its terms. It was simply a guaranty for the acceptance of and payment for jacks manufactured and delivered. (*Creamer* v. *Mitchell*, 162 N. Y. 477; *Benjamin* v. *Rogers*, 126 N. Y. 60; *Miller* v. *Stewart*, 9 Wheat. 680; *Matter of Merrill & Baker*, 186 Fed. Rep. 312; *National Bank of Commerce* v. *Rockefeller*, 174 Fed. Rep. 22; *McAfee* v. *Wyckoff*, 89 N. Y. Supp. 996; 112 App. Div. 892; *Kelvin Engineering Co.* v. *Blanco*, 210 N. Y. Supp. 10; *Beagle* v. *Cable*, 55 App. Div. 155; *Alexander* v. *Kohn*, 188 N. Y. Supp. 459; *DeLuka* v. *Goodwin*, 142 N. Y. 194.) The dismissal upon the opening was proper. (*Barrison* v. *McCullough*, 28 App. Div. 467; *Denenfeld* v. *Baumann*, 40 App. Div. 502; *Bowman* v. *Seaman*, 152 App. Div. 690; *Sweeney* v. *O'Dwyer*, 197 N. Y. 499.)

Hubbs, J. The defendant, by an instrument in writing, guaranteed the payment by the Four-In-One Jack Corporation to the plaintiff for twenty thousand jacks at eighty cents each. The guaranty reads as follows: " I hereby guarantee the acceptance of and payment for the said twenty thousand (20,000) sets of jacks, if manu-

factured and delivered by you in accordance with the terms and conditions of the said contract."

Thereafter the plaintiff manufactured and delivered fourteen hundred and seventy-seven jacks, which were accepted and paid for by the purchaser. Three thousand additional jacks were manufactured and the purchaser refused to accept and pay for them. Seven thousand jacks were finished but not assembled. This action is to recover from the defendant guarantor the damage which the plaintiff suffered because of the failure of the purchaser to pay for the jacks manufactured to the amount of eighty cents each, and for loss of profits. At the trial the complaint was dismissed on the opening, upon the ground that the plaintiff had released the defendant guarantor by entering into an agreement with the purchaser to change the terms of the contract.

The statement of facts herein is as the jury might have found them under the complaint and the opening of counsel if the case had been submitted to it.

The defendant was the treasurer of the purchaser corporation and a short time after the contract of sale was entered into he stated to a representative of the plaintiff: " The sockets are somewhat weak and need strengthening." The plaintiff agreed to make the change at defendant's request. It was also agreed that such change would cost twenty cents for each jack, making the agreed cost of each jack one dollar instead of eighty cents, as provided in the original contract. The defendant, acting for the purchaser, and in the presence of the representative of the plaintiff, ordered a new die, to be used in making the jack as altered, at an agreed price of one hundred dollars to be paid to the man who was to get out the die for the purchaser. The representative of the plaintiff said to the defendant: " Now, Mr. April, this new jack — the strengthening of this new jack will cost, as you know, about twenty cents more. You have guaranteed eighty cents; will you go on the additional

guaranty? " Mr. April said: " No, I have guaranteed for eighty cents; if you want some one else to go on the guaranty for the additional twenty cents, you may get someone else." Two other officers of the purchaser then guaranteed in writing the payment of the additional twenty cents.

It may be stated as a general rule that the obligation of a guarantor is *strictissimi juris*, and that any alteration of the original contract to which his guaranty applies will result in discharging him from his obligation. A contract of guaranty is required to be in writing under the Statute of Frauds. (Personal Property Law [Cons. Laws, ch. 41], § 31.) Contracts which are within the Statute of Frauds cannot be changed or altered except in the manner which the statute requires in the first instance to make them enforceable. The guarantor may, however, by his agreement and conduct place himself in a position where he cannot avail himself of the defense. The statute does not protect one who by his agreement, acts and conduct, has induced another to incur expense and alter his position to his damage. One cannot take advantage of his own wrong.

The defendant induced the plaintiff to change the construction of the jack, consented to the increase in price, and agreed to remain bound by his guaranty to the extent of eighty cents for each jack. He never notified the plaintiff of any change in his attitude, but induced the plaintiff to go on with the contract to manufacture the jacks relying on his guaranty. He cannot now alter his position and avail himself of the Statute of Frauds. The law will not permit him to take advantage of the statute when his unrevoked affirmative act causes the plaintiff to consent to the change in the contract. Parol evidence may be received to establish the fact that the change in the contract was induced by the affirmative act of the defendant. (*Imperator Realty Co.*, v. *Tull*, 228 N. Y. 447.)

The guaranty is for the payment for jacks if "manufactured and delivered." Concededly fourteen hundred and seventy-seven have been manufactured, delivered and paid for. The plaintiff seeks to hold the defendant for the payment for jacks which have not been delivered. That was not his contract. He did not contract to pay the damage which the seller might suffer because the purchaser breached its contract. In so far as the action is to recover damages for a breach of the contract and not to recover payment for the jacks delivered, it cannot be maintained. (*DeLuka* v. *Goodwin*, 142 N. Y. 194; followed in *Beagle* v. *Cable*, 55 App. Div. 155; *McAfee* v. *Wyckoff*, 44 Misc. Rep. 380; affd., 112 App. Div. 892; and *Whitall-Tatum Co.* v. *Manix*, 61 Misc. Rep. 615.)

The contract between the seller and the purchaser provided: " Delivery of said jacks shall be made by the party of the first part [seller] to the second party at the plant of the party of the first part where said jacks shall be manufactured." The contract also provided that the seller should furnish for the use of the purchaser space in the plant in which to store the jacks manufactured until such time as the purchaser might desire to make deliveries to its customers.

If evidence had been produced which established the fact that the three thousand jacks which were manufactured by the seller had been stored for the purchaser in the space provided and nothing remained to be done by the seller in relation to such jacks, and the purchaser had knowledge of such appropriation of the jacks to its contract and acquiesced therein, the jury might have found, if the question had been submitted to it, that the seller·had made good delivery of the jacks to the purchaser.

The question of whether there has been a delivery of personal property is largely one of intent. Such intent is ascertained from the acts and conduct of the parties. It may develop upon a trial that the jacks had been insured by the purchaser, or it may appear from other circum-

stances that the three thousand jacks had been conclusively appropriated to the contract by the seller with the assent of the purchaser. (Personal Property Law, §§ 86 and 100, rule 4; *Procter & Gamble Co.* v. *Peters, White & Co.*, 233 N. Y. 97; *Berkshire Cotton Mfg. Co.* v. *Cohen*, 236 N. Y. 364.)

Upon a trial the evidence may, therefore, present a question of fact as to whether the three thousand jacks had been delivered. If they had been delivered, the guarantor would be liable upon his contract, in the absence of any other defense, to the amount of eighty cents for each of said three thousand jacks. The plaintiff was not permitted to present its evidence upon that question, as the complaint was dismissed on the opening.

The judgment of the Appellate Division and that of the Trial Term should be reversed and a new trial granted, with costs to abide the event.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgments reversed, etc.