Per Curiam.

The plaintiff brings this action to recover arrears of alimony under a foreign decree of divorce.
*412 In 1927, the plaintiff divorced the defendant in the State of Connecticut. The decree incorporated an agreement between the parties for alimony of $125 per month to the wife until her remarriage. The plaintiff has never remarried.
In December, 1945, the parties entered into a written agreement for reduction of the accumulated arrears to the sum of $15,000 and payment of the same at the rate of $25 per month, plus current alimony, “ provided the party of the second part [the defendant] duly performs all of the terms of this agreement.” The defendant is in default under this arrangement, and the plaintiff treats it as no longer binding.
The defendant, however, seeks to defeat the action on the basis of an alleged oral modification about one year subsequent to the making of the written agreement aforesaid, and providing for liquidation of the alimony arrears at the rate of $150 per month, plus current alimony, but payable only in the event his income was at least $20,000 per year. The defendant claims that his earnings have not reached $20,000 in any year.
The alleged oral modification of the written contract of December, 1945, is void under the Statute of Frauds (Personal Property Law, § 31, subd. 1). The oral agreement is not only void as an attempted modification of a contract required to be in writing because impossible of performance within one year pursuant to its terms, but it is also void in itself for the reason that the arrears of alimony cannot be liquidated in one year by payments of $150 per month. (See M. H. Metal Products Corp. v. April, 251 N. Y. 146, 150; Lieberman v. Templar Motor Co., 235 N. Y. 139, 146-147; Kellogg v. Clark, 23 Hun 393, and 2 Williston on Contracts [Rev. ed.], § 500.)
On this record the denials and separate defense alleged in the defendant’s answer raise no genuine issue of fact requiring a trial of the action.
The order appealed from should be reversed, with $20 costs and disbursements, and the motion granted awarding summary judgment in favor of the plaintiff.
Peck, P. J., Glennon, Dore, Cohn and Callahan, JJ., concur.
Order unanimously reversed, with $20 costs and disbursements to the appellant and the motion granted, and judgment, as demanded in the complaint, is directed to be entered herein in favor of the plaintiff, with costs.