Bright Radio Laboratories, Inc., Respondent, *v.* Coastal Commercial Corporation, Appellant.

First Department, October 22, 1957.

*Jay F. Gordon* of counsel (*Harte & Natanson*, attorneys), for appellant.

*Sidney Keats* for respondent.

RABIN, J. Defendant by written agreement, in consideration of the sum of $8,000 to be paid by plaintiff, obligated itself to guarantee payment, not in excess of $37,500, for the purchase of materials by plaintiff in connection with a contract made by plaintiff with the United States Signal Corps. The agreement contained a provision that, " This Agreement cannot be changed or terminated orally." Defendant received payment of the $8,000 out of the proceeds of the Signal Corps contract which had been assigned to it by plaintiff.

Based upon a claim that the agreement for payment by plaintiff of $8,000 was subsequently orally modified so as to reduce the required payment by approximately 50%, plaintiff recovered judgments in the Municipal Court after a jury trial in two actions instituted to recover the sums which plaintiff alleges defendant retained in violation of the oral agreement. The Appellate Term by a divided court affirmed the judgments but granted leave to appeal to this court from its determination.

The claimed oral agreement of modification was not between defendant and plaintiff directly but rather between defendant and one William Kupferberg. In its bill of particulars plaintiff asserted that Kupferberg was acting as its representative, but the court, having granted plaintiff's motion to conform the pleadings to the proof, permitted plaintiff to proceed on the theory that the oral modification was made by Kupferberg for its benefit as a " third party beneficiary."

In January, 1955, when Kupferberg first became interested in plaintiff, the latter was insolvent and as a result of its unpaid obligations to numerous creditors was unable to proceed with fulfillment of its contract with the Signal Corps. Kupfer-

berg, after fully investigating plaintiff's financial situation, had a talk with defendant's president, Franklin Elias. He testified that he told Elias that he was hesitant in having anything to do with plaintiff corporation because of its poor financial condition, but indicated to Elias that he was willing to put about $40,000 into plaintiff's business but only on condition that defendant as well as the other creditors would cooperate; that he had consulted the other creditors who were willing to reduce their claims substantially; that he told Elias that he did not think defendant should charge the agreed price ($8,000) for guaranteeing plaintiff's purchase of material since the extent of defendant's obligation under the guarantee was only $37,500 despite the fact that the written agreement contemplated purchase orders by plaintiff amounting to $77,000; that Elias thereupon orally agreed to reduce the guarantee charge of $8,000 proportionately. Kupferberg further testified that thereafter he put money into plaintiff's business and paid off all creditors, thus enabling plaintiff to complete its contract with the Signal Corps. Elias flatly denied any such oral agreement as claimed by Kupferberg.

Defendant contends that the alleged oral agreement of modification is insufficient to sustain plaintiff's case since it violates section 33-c (subd. 1) of the Personal Property Law which provides: " A written agreement or other written instrument which contains a provision to the effect that it cannot be changed orally, cannot be changed by an executory agreement unless such executory agreement is in writing and signed by the party against whom enforcement of the change is sought or by his agent."

We are of the opinion that the section quoted bars any recovery by plaintiff in this case. Obviously it was the purpose of the Legislature in enacting the section to afford protection to parties entering into written contracts. As between the parties themselves it is clear that there could be no valid modification in the absence of a writing.

Plaintiff claims however that inasmuch as the alleged oral modification was not made between it and the defendant directly but was consummated between the defendant and a third party (Kupferberg), acting for plaintiff's benefit, section 33-c (subd. 1) is not applicable. This contention however is in direct conflict with the express language of section 33-c (subd. 1). That section provides that a written contract containing a clause forbidding oral modification, " cannot be changed " by subsequent agreement " unless such  *  *  * agreement is in writing ". The restriction of the section is not

confined to a change made by the parties. It simply prohibits a change in the contract itself in the absence of a writing. That would include a change made by the parties or by anyone else. If the Legislature had intended the section to apply only to the parties to the contract it could readily have so provided. It is not for us to read such a provision into the statute. To hold that a third party may orally modify the agreement for the benefit of one of the parties would vitiate the force of the section. If the statute could so easily be avoided the door would be opened wide to possible frauds — the very thing which the statute was aimed to prevent.

Nor does the fact that Kupferberg put money into plaintiff's business allegedly in reliance on defendant's oral promise to reduce its $8,000 claim, serve to avoid the requirement of the statute that there be a writing. Part performance in order to take a case without the Statute of Frauds must be "unequivocally referable" to the oral agreement (*Sleeth* v. *Sampson*, 237 N. Y. 69; *Burns* v. *McCormick*, 233 N. Y. 230). The test as to what constitutes part performance is stated in *McKinley* v. *Hessen* (202 N. Y. 24, 30): "Generally, the rule is that not only the part performance should be of the agreement proved, but the acts claimed to constitute such must be unequivocal in their character and must have reference, only, to the carrying out of the agreement."

The rule is also clearly stated in *Wheeler* v. *Reynolds* (66 N. Y. 227, 231–232): "Generally if they are acts which might have been done with other views, they will not take the case out of the statute, since they cannot properly be said to be done by way of part performance of the agreement. The acts should be so clear, certain and definite in their object and design as to refer exclusively to a complete and perfect agreement, of which they are a part execution. [Citations.] The object of the statute is to prevent frauds and perjuries, and hence courts of equity will take no notice of agreements depending upon parol evidence and otherwise within the statute, unless there are acts of part performance which go along with, relate to, and confirm the agreement, and which were clearly done in part execution thereof, and thus with the parol evidence establish the existence of the agreement." In other words the performance must be such as will admit of no other possible explanation except one pointing directly to the existence of the oral agreement claimed. Obviously there could be possible explanations for the investment of moneys by Kupferberg in plaintiff's business, having no relation to the oral agreement. In any event we cannot say that Kupferberg's investment refers

solely to the carrying out of the oral agreement. Accordingly there was no part performance which would remove the bar of the Statute of Frauds.

This case was submitted to the jury on a question of credibility as between plaintiff's and defendant's witnesses and the jury by its verdict indicated that it accepted Kupferberg's testimony as to the existence of the oral agreement of modification. We decide this appeal however solely on a question of law and hold that the oral agreement asserted is insufficient to avoid the provisions of section 33-c (subd. 1). If the statute may be by-passed in the oblique manner here attempted it would be of no real value to one seeking to protect himself under its provisions. We think that the statute by its very wording indicates a clear legislative intent to afford protection against such attempt.

The determination of the Appellate Term should be reversed and complaint in each action dismissed, with costs.

PECK, P. J., BREITEL, BOTEIN and McNALLY, JJ., concur.

Determination unanimously reversed and complaint in each action dismissed, with costs. Settle order on notice.