■ SOLIN LEE CHU, Respondent, v. LING SUN CHU, Appellant.— Order unanimously modified on the law, and the motion is granted to the extent of directing partial summary judgment dismissing the first cause of action, and, as so modified, affirmed, without costs. It appears that the first cause of action is based upon an agreement which comes within the Statute of Frauds and is unenforcible (Personal Property Law, § 31). The letter written by the defendant is insufficient to take the agreement out of the statute as it does not contain all the essential terms of the agreement as pleaded and upon which the plaintiff relies (*Crabtree* v. *Elizabeth Arden Sales Corp.*, 305 N. Y. 48). Nor may the plaintiff rely upon the unexecuted document to supply the missing terms. Unlike the situation in the *Crabtree* case (*supra*) the document here offered was not prepared by the defendant or at his instance. On the contrary it was prepared by the plaintiff's attorney and offered to the defendant for signature but he refused to sign. In the *Crabtree*

case all of the writings relied upon — which when taken together contained all of the essential terms of the agreement — were documents of the defendant and prepared by the defendant. To permit the unsigned document prepared by the plaintiff to serve as a portion of the requisite memorandum would open the door to evils the Statute of Frauds was designed to avoid. We sustain the second cause of action because we find that there is pleaded all of the requisite elements necessary to sustain an action in fraud and there is sufficient in the affidavits to indicate the necessity of a trial. However, it should be noted that the plaintiff may not, through the cause of action in fraud, seek to enforce the promises of the defendant made in the agreement which we have held to be unenforcible. Damages which would flow from the breach of the agreement, were it enforcible, may not be recovered here (*Rosenwald* v. *Goldfein*, 3 A D 2d 206). The plaintiff, under the fraud cause of action, may only recover the direct pecuniary loss, if any, suffered by reason of the wrong. (*Reno* v. *Bull*, 226 N. Y. 546; *Urtz* v. *New York Cent. & Hudson Riv. R. R. Co.*, 202 N. Y. 170.) Concur—Breitel, J. P., Rabin, M. M. Frank, Valente and Stevens, JJ.