Per Curiam.

The writings and parol testimony do no more than show a failure to agree on a separation settlement. While the deceased’s letter of May 25 could be interpreted as an offer to make plaintiff’s intestate the irrevocable beneficiary of the deceased’s life insurance policy, the reply to this letter rejected the offer. There is no further evidence tending to establish an agreement subsequently reached. In any event the Statute of Frauds bars a recovery. (Personal Property Law, § 31, subds. 1, 9.) As we said in Poel v. Brunswick-Balke Collander Co. (216 N. Y. 310): “In order to satisfy the requirements of the Statute of Frauds the written note or memorandum must include all the terms of the completed contract which the parties made. * * * If instead of proving the existence of that contract, it establishes that there was in fact no contract or evidenced a contract in terms and conditions different from that which the parties entered into, it fails to comply with the statute ” (p. 314; emphasis added). Here, as there, “If we limit our consideration to the writings it is plain that there was no contract because the offer of the defendant was not accepted ” (216 N. Y., p. 324).
The judgment appealed from should be reversed and the complaint dismissed.
Chief Judge Desmond and Judges Dye, Ftjld, Van Voorhis, Burke, Foster and Scileppi concur.
Judgment of Appellate Division reversed and that of Special Term reinstated, without costs.