■ LAWRENCE J. KOBRE, Respondent, v INSTRUMENT SYSTEMS CORPORATION, Appellant.—Order, Supreme Court, New York County, entered August 18, 1975, denying defendant's motion for summary judgment, unanimously reversed, on the law, with $60 costs and disbursements to appellant, and the motion granted. At a meeting held on May 30, 1973, according to plaintiff, defendant corporation orally agreed to sell its subsidiary Certified Marine Industries, Inc., to him, on, *inter alia,* the following terms: Plaintiff was to set up a new corporation owned by him which would purchase all of the subsidiary's stock; the new corporation would pay $100,000 cash and assume certain obligations requiring payments over a number of years; defendant was to give plaintiff an indemnification, unlimited in amount, in the event plaintiff was unable to use a parcel of land adjacent to the subsidiary's premises which the latter had been leasing at such time. The need for this indemnity was apparently founded on a lawsuit by the former owner of the subsidiary, who also owned the adjacent land, seeking to enjoin the subsidiary from using such land. After the meeting, defendant's vice-president dictated a memorandum to defendant's attorney marked "Confidential", referenced "Potential Sale of Certified Marine" and setting forth the terms of the transaction. Conspicuously absent from the recitation of terms in the memorandum was any provision for indemnification. On June 5, 1973, a draft of a formal purchase agreement, prepared on defendant's behalf, was furnished, unsigned, to plaintiff. This draft contained an indemnification clause which indicated that indemnification would be *limited* to payment of money not to exceed a certain amount in any calendar year or a certain amount in the aggregate. However, the spaces providing for specification of the amounts were not filled in and this provision, therefore, contemplated the possibility of future agreement. Patently, the provision was not the same as plaintiff asserted was orally agreed to, namely, an indemnification clause unlimited in amount. Plaintiff further avers that at a subsequent meeting on July 5, 1973 the parties orally agreed to limit the indemnification to $20,000 per year for each year of the leasehold remaining, that is,

they orally agreed to modify the prior oral understanding that indemnification would be unlimited. It is not disputed that the alleged agreement is subject to the Statute of Frauds (General Obligations Law, § 5-701, subd 1; Uniform Commercial Code, § 8-319, subd [a]). *Crabtree v Elizabeth Arden Sales Corp.* (305 NY 48), enunciates the rule that signed and unsigned writings may be read together to satisfy the Statute of Frauds "provided that they clearly refer to the same subject matter or transaction" (p 55). However, both writings herein, when read together, fail to satisfy the Statute of Frauds. It has long been settled that to satisfy the Statute of Frauds, the "memorandum must contain substantially the whole agreement, and all its material terms and conditions, so that one reading it can understand from it what the agreement is" *(Mentz v Newwitter,* 122 NY 491, 497). The term regarding indemnification is clearly material and was so viewed by plaintiff. If instead of including substantially the whole agreement and all its material terms, the note or memorandum relied upon evidences " 'a contract in terms and conditions different from that which the parties entered into, it fails to comply with the statute' " *(Stone v Metropolitan Life Ins. Co.,* 12 NY2d 487, 491, quoting *Poel v Brunswick-Balke Collander Co.,* 216 NY 310, 314). The writings having failed to satisfy the Statute of Frauds, the oral agreement to limit the indemnity is at best a modification of the prior oral agreement for unlimited indemnification and obtains no greater enforceability. Even assuming that the writings viewed together constitute a memorandum which demonstrates the existence of a material term orally agreed upon, but which was not recited, such omission is fatal to the contention that the writings satisfy the Statute of Frauds (see *Bisgeier v Keller,* 122 Misc 705, affd 214 App Div 758). Similarly, the enforceability of the contract cannot be remedied by "reforming" the memorandum as no court of equity can thus give it an effect forbidden by the Statute of Frauds (see *Friedman & Co. v Newman,* 255 NY 340). Concur —Murphy, J. P., Lupiano, Silverman Nunez and Lynch, JJ.