■ SUCREST CORPORATION et al., Respondents, v UNITED BRANDS COMPANY et al., Appellants.—Order of the Supreme Court, New York County, entered in the office of the clerk on October 12, 1976, denying defendants' motion to dismiss the complaint on grounds, under CPLR 3211 (subd [a], pars 1, 7) of a defense founded upon documentary evidence and failure to state a cause of action, unanimously affirmed, without costs and without disbursements. We find that the complaint, insofar as it seeks indemnification from defendants for breach of warranty is sufficient and that the documentary evidence submitted did not establish a defense to the complaint as a matter of law. While the agreement and the letter upon which the complaint is based may be complex, they are neither ambiguous nor in conflict. Subdivisions (i) and (u) of paragraph 3 of the agreement set forth certain representations and warranties by defendants to plaintiffs, including that "there are [no] investigations in progress with respect to Revere". The letter, of even date which accompanied the agreement provided, however, that "Each of the parties hereto is aware that a grand jury investigation is in progress in San Francisco, California, relating to matters in the sugar industry and that information has been sought in the past from Revere by the grand jury in such investigation" and that "The failure to disclose the existence of such investigation in the Agreement shall not constitute the breach of any representation or warranty contained in the Agreement". Reading the agreement and letter together, it is clear the disclosure in the letter of the San Francisco investigation was an exception to the representations and warranties in the agreement, and that "the failure to disclose the existence of such investigation in the Agreement" was not to be deemed a breach of the representations and warranties stated in the agreement. The letter proceeded to set forth an indemnification and "hold harmless" provision particularly relating to "the investigation hereinabove referred to" (obviously the San Francisco investigation) and to certain results or consequences thereof. The provision reads as follows: "The Seller and United, jointly and severally, hereby agree to indemnify and hold Buyer, Seller and Revere harmless from any claim against Buyer, Seller or Revere and against any other loss, cost, damage or expense to Buyer, Seller or Revere which may arise out of any indictment, civil action (including any action for treble damages), or other position of the United States Government, or any

third party *resulting from the investigation hereinabove referred to based upon facts existing, or events or occurrences taking place, on or prior to the date hereof."* (Emphasis added.) The letter also states that "The parties agree that each of their respective rights with respect to such investigation and the matters contained herein are set forth in this Letter Agreement; provided, however, that all of the parties hereto shall be subject to the provisions of paragraph 6(b) of the Agreement and for the purposes of paragraph 6(b) only the matters contained herein shall be deemed to have arisen under the Agreement". Again, clearly, the rights of the parties with respect to "such investigation" (the San Francisco investigation) and "the matters contained herein" (the matters set forth in the letter) are governed exclusively by the letter except that subdivision (b) of paragraph 6 of the agreement, relating to purely procedural matters not material here, is engrafted into the letter. Although the agreement and letter are verbose, the language is clear. Parol evidence may not be used to interpret the agreement and letter. Effect must be given to intent only as indicated by the language of the agreement and letter themselves *(Rodolitz v Neptune Paper Prods.,* 22 NY2d 383, 386–387; *Hotchkiss v National City Bank of N. Y.,* 200 F 287, affd 201 F 664, affd 231 US 50). Accordingly, it is inappropriate to resort to the affidavits, one by the president of Sucrest and the other by a former vice-president of United Brands, stating that the intent of both parties to the agreement and letter was to "indemnify Sucrest against any antitrust proceedings which took place prior to the date of acquisition" by plaintiffs. Whether the contingencies warranted against in the letter occurred and whether "they resulted from the San Francisco investigation based upon facts existing or occurrences taking place on or prior to the date" of acquisition by plaintiffs are questions of fact to be determined at trial. In passing upon the sufficiency of the complaint, we leave it to the trial court to determine the damages, if any, which plaintiff may recover, if successful in this suit. In such determination prospective damages are not to be included. Expenses, reasonable attorney's fees and court costs actually incurred may be included. Concur—Birns, J. P., Silverman, Capozzoli and Markewich, JJ.