NATHAN GINSBERG, Respondent, v FAIRFIELD-NOBLE COR-
    PORATION, Appellant.

First Department, June 25, 1981

APPEARANCES OF COUNSEL

*Betsy F. Woolf* of counsel *(Allen N. Ross* with her on the
brief; *Blumberg, Singer, Ross, Gottesman, Paradise & Gor-
don,* attorneys), for appellant.

*Burt J. Blustein* of counsel *(Markovits, Markovits, Blu-
stein & Gottlieb,* P. C., attorneys), for respondent.

## OPINION OF THE COURT

FEIN, J.

Defendant appeals from an order entered in Supreme
Court, New York County (HILDA SCHWARTZ, J.), on Octo-
ber 17, 1980, denying defendant's motion for summary
judgment dismissing the complaint in this action brought
by plaintiff to recover for breach of an oral contract of
employment for one year to commence in the future. The
question is, are there issues of fact as to whether the em-
ployment was to be at will or for one year, and if the latter,
whether defendant is equitably estopped from pleading the

Statute of Frauds (General Obligations Law, § 5-701, subd a, par 1).

Sometime in August, 1978, plaintiff, then employed in a responsible position by another garment manufacturer, answered an ad placed by defendant for a production manager. Plaintiff alleges that after a discussion the parties came to an agreement to be embodied in a written contract employing plaintiff for a period of one year, to commence on the first day of his employment about two weeks later, or earlier, if plaintiff was able to arrange short notice with his then employer. It is undisputed that plaintiff did not begin work until a week or two after the alleged oral agreement and that at the time he reported for work he signed some papers, including an employment agreement which provided in pertinent part: "3. Employee's employment may be terminated at any time by written notice sent by Employee to Corporation or by Corporation to Employee. Employee agrees that termination of his employment shall not release him from any obligations under this contract." No other written agreement was ever executed.

Plaintiff's employment was terminated some time in late September, 1978 and this suit is brought to recover the balance due for the alleged one-year term of employment. Defendant denies that there was any agreement to employ plaintiff for one year and alleges that the agreement was as provided in the writing for an employment at will. Defendant also pleads the Statute of Frauds (General Obligations Law, § 5-701, subd a, par 1).

It is well settled that an oral employment agreement for a period of one year to commence at a time subsequent to the making of the agreement is unenforceable against a plea of the Statute of Frauds (General Obligations Law, § 5-701, subd a, par 1; *Whitehill v Maimonides School*, 53 AD2d 568; *Hanan v Corning Glass Works*, 35 AD2d 697). Such an agreement is void if, "[b]y its terms [it] is not to be performed within one year from the making thereof". (General Obligations Law, § 5-701, subd a, par 1.)

Plaintiff contends that defendant is estopped from pleading the Statute of Frauds as a defense because (1) plaintiff

accepted employment upon defendant's promise that a written employment agreement would be executed; (2) he was induced to give up a substantial position by that promise; and (3) he was employed by defendant to obtain the benefit of his skill, experience and relationships in dealing with contractors in the Chinese community who could produce garments quickly, cheaply and efficiently. He asserts that he was assured of a salary increase, the promise of the use of a company car and a one-year written contract. He alleges that he made clear that he would not terminate his present employment unless he had some assurance of job security consisting of a one-year written employment agreement. He further alleges that immediately upon beginning his employment he introduced the defendant to a large group of contractors in the Chinatown area and that he was discharged shortly thereafter, having served defendant's purpose.

In opposition to the motion for summary judgment plaintiff asserts that proof of these facts should equitably estop defendant from relying upon the Statute of Frauds. He argues that there is such an estoppel against one who seeks to plead the statute where that party has, by word or deed upon which the other had a right to and did rely, caused him to change his position to his injury, citing *Posner v United States Fid. & Guar. Co.* (33 Misc 2d 653, affd *sub nom. Posner v New York Mut. Underwriters*, 16 AD2d 1013). *Posner* was not a Statute of Frauds case. Defendant association of insurance carriers had apparently issued a fire insurance policy and collected premiums upon it. In an action to recover on the policy, it was held that there was a triable issue as to whether defendant's issuance of the policy and continuing activity with respect to the policy and proof of loss estopped defendant from relying upon its lack of statutory authority to issue the policy. This has nothing to do with the Statute of Frauds here in issue. The very purpose of the statute, requiring a writing where the contract cannot be performed within one year, is to preclude claims such as here made that there was an oral contract for more than one year.

An oral promise cannot be relied upon to estop a plea of Statute of Frauds unless the circumstances are " 'such as

to render it unconscionable to deny'" the oral promise upon which the promisee has relied *(Swerdloff v Mobil Oil Corp.*, 74 AD2d 258, 263 [citing 3 Williston, Contracts (3d ed), § 533A, p 801], mot for lv to app den 50 NY2d 913). As that case holds (p 263), a change of job, even with increased emoluments and advanced status, "is not sufficient to call promissory estoppel into play". The choice to forego current employment because of rosy promises "does not put the stigma of unconscionability upon the defendants' right to assert the Statute of Frauds." *(Swerdloff v Mobil Oil Corp.*, 74 AD2d, at p 264.)

The claim of the plaintiff that promises were made to enter into a written contract in the future is commonplace in actions to enforce alleged oral employment agreements which cannot be performed within one year. If accepted under the circumstances here alleged, the statute would be rendered a nullity *(Kahn v Cecelia Co.*, 40 F Supp 878; *Deutsch v Textile Waste Merchandising Co.*, 212 App Div 681; *McLachlin v Village of Whitehall*, 114 App Div 315). There are no such unconscionable circumstances here present as to warrant application of the doctrine of equitable estoppel to aid the plaintiff.

Moreover, here it is plain that the plaintiff signed an employment agreement providing that the employment was at will. His assertion that he was assured that this was a pure formality is hardly consistent with the contention that he had a promise of a written contract for one year. The written employment agreement provided: "This agreement sets forth the entire agreement between Corporation and Employee and supersedes any prior negotiations and dealings. There are no other contracts between Corporation and Employee." The writing purporting to embody the agreement of the parties is directly contrary to the alleged oral agreement. Parol evidence is not admissible to vary or interpret such plain and unambiguous terms of the writing *(Rodolitz v Neptune Paper Prods.*, 22 NY2d 383, 386-387; *Sucrest Corp. v United Brands Co.*, 57 AD2d 751, 752).

Plaintiff was a sophisticated businessman by his own account. He is presumed to have read and understood the

322

writing which he signed. Indeed, he admits he read and understood it. No basis under the circumstances exists for the claim that he was misled *(Amend v Hurley*, 293 NY 587, 595; *Humble Oil & Refining Co. v Jaybert Esso Serv. Sta.*, 30 AD2d 952). As that case holds, parol evidence is not admissible to show prior oral representations contrary to the plain and unambiguous writing *(Sucrest Corp. v United Brands Co., supra)*. Where the plain writing is inconsistent with the alleged prior oral agreement there is no basis for a claim of an estoppel *(Kahn v Cecelia Co., supra; Deutsch v Textile Waste Merchandising Co., supra)*.

Defendant was entitled to discharge the plaintiff if the contract was indeed the writing upon which the defendant relies, and it was executed by the plaintiff, it being an agreement for an employment at will *(Swerdloff v Mobil Oil Corp., supra)*. If the plaintiff relies upon the oral agreement, the Statute of Frauds is a bar.

Since the alleged oral contract is unenforceable in the face of the plea of the Statute of Frauds and the written contract provides for employment at will, defendant is entitled to summary judgment dismissing the complaint.

The order entered in Supreme Court, New York County (HILDA SCHWARTZ, J.), on October 17, 1980, denying defendant's motion for summary judgment dismissing the complaint should be reversed on the law and defendant's motion for summary judgment should be granted together with costs.

ROSS, CARRO and MARKEWICH, JJ., concur with FEIN, J.; SANDLER, J. P., concurs in the result only.

Order, Supreme Court, New York County, entered on October 17, 1980, reversed, on the law, and defendant's motion for summary judgment granted. Appellant shall recover of respondent $75 costs and disbursements of this appeal.