**David J. ROULLEY, Virginia Building & Investment Corp., t/a Briarwood of Richmond, Appellants,**

v.

**INEX CO. and Edward J. Kreuter, Appellees.**

**No. 1001, Docket 82–7052.**

United States Court of Appeals, Second Circuit.

Argued April 16, 1982.

Decided April 19, 1982.

Halford I. Hayes, Layne, Hayes & Smith, Richmond, Va. (Benjamin E. Shepps, Hicksville, N. Y., of counsel), for appellants.

Reuben Blum, New York City, for appellees.

Before KAUFMAN, VAN GRAAFEILAND, Circuit Judges, and LOWE, District Judge.*

PER CURIAM:

This is an appeal from a judgment entered on Judge Motley's order granting the motion of Inex Co. and its proprietor Edward J. Kreuter for summary judgment. The district court held, as a matter of law, that there was a binding and enforceable contract between the parties and that appellants breached that contract. We disagree. Because we believe that the New York Statute of Frauds, N.Y.Gen.

* Of the United States District Court for the Southern District of New York, sitting by designation.

Oblig.Law § 5–703(3) (McKinney 1978), precluded enforcement of the alleged contract against Virginia Building & Investment Corp. ("VBIC") and its president and majority shareholder David J. Roulley, we reverse the judgment of the district court.

Inex brought this action for breach of a contract for the loan of $200,000 from Inex to VBIC to be secured by a deed of trust on certain real estate VBIC owned. The terms of the proposed loan had been the subject of oral discussions between the companies' representatives, Roulley and Kreuter, but no written contract was ever signed. The transaction was never consummated because prior to the closing date Roulley informed Kreuter that he could obtain better terms elsewhere.[1]

It is undisputed by the parties that, since the loan involved a deed of trust on real property, the contract is covered by the New York Statute of Frauds and is "void unless the contract or some note or memorandum thereof is in writing and subscribed by the party to be charged therewith, or by his lawfully authorized agent." N.Y.Gen. Oblig.Law § 5–703(3) (McKinney 1978). The only "note or memorandum" relevant to the purported contract that was subscribed to by Roulley is his May 12, 1980 letter to Kreuter's attorney. That letter, however, is insufficient on its own to remove the contract from the operation of the Statute of Frauds because it lacks certain essential terms, such as interest rate of the loan and the time of its maturity. *See Read v. Henzel*, 67 A.D.2d 186, 415 N.Y.S.2d 520, 522 (4th Dep't 1979) ("If the memorandum is to prove the agreement, it must designate the parties, identify and describe the subject matter, and state all the essential and material terms of the agreement.").

It is agreed that pursuant to New York law certain unsigned documents may be used to supply the essential terms missing from the signed documents. *Crabtree v. Elizabeth Arden Sales Corp.*, 305 N.Y. 48, 54, 110 N.E.2d 551 (1953). Such unsigned documents may only supplement the signed documents, however, if there is convincing "corroborative evidence of defendant's assent to the contents of the unsigned . . . memorandum. . . ." 305 N.Y. at 57, 110 N.E.2d 551. Judge Motley used documents prepared by Kreuter's attorney to supply the missing terms, but there is no evidence to indicate that Roulley found the documents acceptable. Indeed, as we have explained in the past, the doctrine laid down in *Crabtree, supra*, has not been extended by New York courts to bind a defendant "to a contractual status on terms in a writing supplied by a plaintiff." *Oswald v. Allen*, 417 F.2d 43, 46 (2d Cir. 1969). *See Solin Lee Chu v. Ling Sun Chu*, 9 A.D.2d 888, 193 N.Y.S.2d 859 (1st Dep't 1959).

Judge Motley relied chiefly upon documents prepared by Kreuter's attorney and therefore erred as a matter of law. Although Roulley did instruct Kreuter's lawyer to draft the loan agreement, the pre-trial stipulation makes clear that the May 12, 1980 letter did not create an agency relationship but only evidenced Roulley's acquiescence in Kreuter's demand that Kreuter's lawyer prepare the documents. In addition, the stipulation categorically states that all such papers would be "subject to approval" of Roulley's own attorney. Moreover, the district court improperly incorporated essential missing terms into the written document. In this case, the parties had agreed orally on the missing terms, interest rate and time of maturity, and therefore contrary terms may not be implied into the only signed document. *See Villano v. G & C Homes, Inc.*, 46 A.D.2d 907, 362 N.Y.S.2d 198 (2d Dep't 1974), *appeal dismissed*, 36 N.Y.2d 918, 372 N.Y.S.2d 655, 334 N.E.2d 601 (1975). It is clear, therefore, that the only written document that may be used to take the contract out-

---

1. Moreover, appellees concede, as they must, that the transaction at issue was contingent upon the subordination of two deeds of trust held by one Earl Wicker. Mr. Wicker agreed to subordinate his security subject, among other things, to his approval of the "form, terms, conditions and covenants of the Note and Deed of Trust securing [appellees'] loan." Mr. Wicker's final approval has never been secured.

side the operation of the Statute of Frauds is insufficient because it is incomplete.[2]

Accordingly, we reverse the judgment of the district court and remand with instructions to dismiss the complaint.

2.  Appellees raise the argument of part performance although the court below made no such findings. It is nonetheless clear that part performance in this context only serves to permit a court to grant specific performance, N.Y.Gen. Oblig.Law § 5–703(4) (McKinney 1978), and the complaint in this action seeks no such relief.