OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
The doctrine of equitable estoppel should not be applied in this case. The purpose of invoking the doctrine is to prevent the infliction of unconscionable injury and loss upon one who has relied on the promise of another (3 Williston, Contracts [3d ed], § 533A, at p 798; Imperator Realty Co. v Tull, 228 NY 447, 453). It cannot be said that an “unconscionable” injury to plaintiff has resulted from defendant’s refusal to execute the lease modification. Plaintiff’s allegation that defendant’s profit motive somehow renders its conduct inequitable would seem to be irrelevant, inasmuch as the concern is for whether defendant’s conduct has unjustly injured plaintiff. The circumstances set forth by plaintiff simply do not rise to a level of unconscionability warranting application of equitable estoppel (see Ginsberg v Fairfield-Noble Corp., 81 AD2d 318).
In addition, the doctrine of part performance is inapplicable, inasmuch as the performance is not “unequivocally referable” to the alleged oral agreement (e.g., Burns v McCormick, 233 NY 230).
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg, Meyer and Simons concur.
On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), order affirmed, with costs, in a memorandum.