**HAWLEY FUEL COALMART, INC. and Hawley Fuel Coal, Inc., Plaintiffs,**

v.

**STEAG HANDEL, GmbH., Defendant.**

**No. 82 Civ. 3686 (JES).**

United States District Court, S.D. New York.

July 25, 1985.

Phillips, Nizer, Benjamin, Krim & Ballon, New York City, for plaintiffs; George Berger, Martha R. Overall, Debra A. Roth, New York City, of counsel.

Herzfeld & Rubin, P.C., New York City, for defendant; Herbert Rubin, Edward L. Birnbaum, Terry Myers, Barbara D. Goldberg, New York City, of counsel.

SPRIZZO, District Judge:

Plaintiffs Hawley Fuel Coalmart, Inc. and Hawley Fuel Coal, Inc. (collectively referred to as "plaintiff" or "Hawley") seek to enforce an alleged contract of guarantee against defendant Steag Handel, GmbH ("Steag"). Hawley, a supplier of coal to Alla Ohio Valley Coals, Inc. ("Alla"), alleged at trial that defendant Steag agreed to guarantee the debts of Alla to plaintiff in exchange for plaintiff's agreement to continue to deliver coal to Alla, which was a supplier of coal to Steag. Plaintiff contended at trial that it would have ceased shipment of coal to Alla and would have sought to recover coal already shipped had not defendant guaranteed payment of Alla's debts to plaintiff.

The jury found that Steag had orally guaranteed Alla's debts. The only issue raised by defendant's motion for judgment notwithstanding the verdict is whether the alleged oral contract of guarantee is enforceable pursuant to the New York statute of frauds. N.Y.Gen.Oblig.Law § 5–701(a)(2) (McKinney Supp.1984–85).[1]

Plaintiff contends that the oral contract of guarantee is enforceable because it is evidenced by writings sufficient to satisfy the statute of frauds, *i.e.* that there are writings signed by and/or prepared by the defendant which set forth all of the essential terms of the oral contract alleged. *See, e.g., Scheck v. Francis*, 26 N.Y.2d 466, 470–71, 260 N.E.2d 493, 495, 311 N.Y.S.2d

---

**1.** The statute provides, in relevant part:

a. Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, ... if such agreement, promise or undertaking:

\* \* \* \* \* \*

2. Is a special promise to answer for the debt, default or miscarriage of another person.

841, 843–44 (1970); *Intercontinental Planning, Ltd. v. Daystrom, Inc.,* 24 N.Y.2d 372, 379, 248 N.E.2d 576, 579–80, 300 N.Y. S.2d 817, 822 (1969); *Crabtree v. Elizabeth Arden Sales Corp.,* 305 N.Y. 48, 55–56, 110 N.E.2d 551, 554 (1953); *Standard Oil Co. v. Koch,* 260 N.Y. 150, 155, 183 N.E. 278, 279 (1932); *Dorman v. Cohen,* 66 A.D.2d 411, 418, 413 N.Y.S.2d 377, 382 (1st Dept. 1979); *cf. Martin Roofing, Inc. v. Goldstein,* 60 N.Y.2d 262, 265, 457 N.E.2d 700, 701, 469 N.Y.S.2d 595, 596 (1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1681, 80 L.Ed.2d 156 (1984). However, the Court has reviewed the documents upon which plaintiff relies and concludes that those memoranda are insufficient.

None of the documents prepared by defendant, with one possible exception, even mentions the word guarantee, and all of these documents taken together do not contain the essential terms of the alleged oral contract of guarantee proved at trial. Thus, there is no mention of any agreement by plaintiff to forebear exercising its legal rights against Alla in exchange for Steag's guarantee, and certainly not the clear and unambiguous expression of an agreement to pay the debt of another, which the New York courts have required as a safeguard against oral testimony. *See, e.g., Savoy Record Co. v. Cardinal Export Corp.,* 15 N.Y.2d 1, 5–7, 203 N.E.2d 206, 208–09, 254 N.Y.S.2d 521, 525–26 (1964); *Salzman Sign Co. v. Beck,* 10 N.Y.2d 63, 67, 176 N.E.2d 74, 76, 217 N.Y.S.2d 55, 57–58 (1961); *Standard Oil, supra,* 260 N.Y. at 154, 183 N.E. at 279; *Walker v. Roth,* 90 A.D.2d 847, 847, 456 N.Y.S.2d 95, 95 (2d Dept.1982).

■ The only document which even contains the word "guarantee" is a telex sent by Bonner, an Alla employee, to Hawley, which refers to defendant's *intention* to guarantee the debts of Alla. However, without reaching the issue of whether Alla was acting on Steag's behalf in sending this telex, which is not apparent from the telex itself, it is clear that a writing which at best evidences a future intention to guarantee is not sufficient to support an alleged existing oral guarantee.

■ Steag did send a telex, jointly with H.C. Sleigh Ltd., a 50% owner of Alla, to Hawley and to all other Alla creditors which stated that they were working to strengthen Alla's "financial capacity" and that "[t]his strengthening is expected to result in a transfer of funds to your account in full payment of the indebtedness presently owed to you." It did not state that payment would be made by Steag, and it did not mention a guarantee.[2] Moreover, the fact that the joint telex was sent to all creditors of Alla detracts from the conclusion that it can or should be regarded as sufficient to evidence the alleged specific oral contract of guarantee between Steag and plaintiff which plaintiff claims existed. The only other documents which arguably support the alleged oral guarantee were prepared by and signed only by plaintiff, and these are not sufficient. *See, e.g., Dorman, supra,* 66 A.D.2d at 415, 413 N.Y. S.2d at 380; *Brause v. Goldman,* 10 A.D.2d 328, 335, 199 N.Y.S.2d 606, 614 (1st Dept.1960), *aff'd,* 9 N.Y.2d 620, 172 N.E.2d 78, 210 N.Y.S.2d 225 (1961); *Chu v. Chu,* 9 A.D.2d 888, 889, 193 N.Y.S.2d 859, 860 (1st Dept.1959).

■ In this respect, this case is markedly different from *Crabtree, supra,* which is heavily relied upon by plaintiff. In *Crabtree,* all of the essential terms and conditions of the oral contract were set forth in documents signed and/or prepared by the defendant. *See* 305 N.Y. at 57, 110 N.E.2d at 555. All that the *Crabtree* case holds is that where the entire contract is contained in such separate documents which all clearly refer to the same subject

---

**2.** This joint telex clearly does not evidence an unequivocal guarantee, but is equally consistent with defendant's argument that all it agreed to do was open letters of credit. In fact, defendant's position is further supported by an earlier telex sent to Hawley from Steag which states that "[t]he balance of the amounts owed to you by [Alla] shall be paid under letters of credit" to be opened by Steag.

or transaction, and where the Court can ascertain the essential terms of the agreement by considering all of these various memoranda together and without recourse to oral testimony, the requirements of the statute of frauds can be satisfied. It does not hold, as plaintiff appears to argue, that the Court may take oral testimony to characterize or to establish a connection between the various memoranda at issue or to supply essential missing terms of the contract where the memoranda signed and/or prepared by the defendant are not otherwise sufficient. *See* 305 N.Y. at 55–56, 110 N.E. at 554.

■ Indeed, as New York case authorities make clear, and as the Appellate Division has most recently emphasized in *Cunnison v. Richardson Greenshields Securities, Inc.*, 107 A.D.2d 50, 54, 485 N.Y.S.2d 272, 276 (1st Dept.1985), the purpose of the statute of frauds is to protect a defendant against having a contract established by oral testimony. *See also Martin Roofing, supra*, 60 N.Y.2d at 265, 457 N.E.2d at 701, 469 N.Y.S.2d at 596; *Ginsberg v. Fairfield-Noble Corp.*, 81 A.D.2d 318, 320, 440 N.Y.S.2d 222, 224 (1st Dept.1981). Therefore, the memoranda relied upon to satisfy the statute of frauds must be such that from an examination of the documents themselves all of the essential terms and conditions of the oral contract may be obtained. *See, e.g., Intercontinental Planning, supra*, 24 N.Y.2d at 378–79, 248 N.E.2d at 579–80, 300 N.Y.S.2d at 822; *Crabtree, supra*, 305 N.Y. at 55–56, 110 N.E.2d at 554; *Standard Oil, supra*, 260 N.Y. at 155, 183 N.E. at 279; *Poel v. Brunswick-Balke-Collender Co.*, 216 N.Y. 310, 314, 110 N.E. 619, 620 (1915); *Dorman, supra*, 66 A.D.2d at 416, 417–18, 413 N.Y.S.2d at 381; *Kobre v. Instrument Systems Corp.*, 54 A.D.2d

625, 626, 387 N.Y.S.2d 617, 618–19 (1st Dept.1976), *aff'd*, 43 N.Y.2d 862, 374 N.E.2d 131, 403 N.Y.S.2d 220 (1978); *Chu, supra*, 9 A.D.2d at 888–89, 193 N.Y.S.2d at 860.

■ In this case, the documents signed and/or prepared by the defendant manifest at best an agreement by the defendant to set up new letters of credit.[3] An examination of these documents alone, without recourse to oral testimony, does not permit the Court to ascertain all of the essential terms and conditions of the oral contract of guarantee which plaintiff established at trial.

■ Plaintiff also argues that the defendant has admitted the existence of the oral contract and that therefore under New York law, *see Holender v. Fred Cammann Productions, Inc.*, 78 A.D.2d 233, 434 N.Y.S.2d 226 (1st Dept.1980), oral testimony is permissible to resolve disputes between the parties as to the terms of the alleged oral contract. Even assuming the correctness of the case relied upon by plaintiff,[4] the defendant in this case has not admitted the alleged oral agreement, but rather has consistently denied any oral contract of guarantee.

Plaintiff's argument that defendant has admitted the agreement alleged rests largely upon the contention that Steag agreed to open up unconditional letters of credit, which plaintiff claims amounted to an unequivocal guarantee of Alla's indebtedness to plaintiff. In this regard, plaintiff relies, *inter alia*, on the testimony of Dr. Thomas Mulert. Even assuming that Dr. Mulert's testimony can be construed to state that Steag opened up unconditional letters of credit, which is not clearly the case, *see, e.g.*, Trial Transcript ("Tr.") at

---

3. The defendant testified that this was done to avoid the difficulties that had been encountered because of the inability of plaintiff to satisfy the technical requirements of the previously existing letters of credit.

4. The Court is not convinced that this precedent is truly reflective of the law in New York, and "Holender" does not, in the Court's view, appear to be consistent with the broad underlying purposes of the statute of frauds. *See, e.g., Martin Roofing, supra*, 60 N.Y.2d at 265, 457 N.E.2d at 701, 469 N.Y.S.2d at 596; *Cunnison, supra*, 107 A.D.2d at 54, 485 N.Y.S.2d at 276; *Ginsberg, supra*, 81 A.D.2d at 320, 440 N.Y.S.2d at 224.

395–97, 468–80,[5] it is nonetheless insufficient to support the alleged oral guarantee.

An agreement to open new letters of credit, even unconditional letters of credit, is not the same as a contract of guarantee, even though the letters of credit, once established, permit plaintiff to secure payment without meeting any of the technical requirements normally set forth in conditional letters of credit. The terms, remedies, and the conduct which would constitute a breach of such a contract are all markedly different from those with respect to a contract of guarantee. It follows that a memorandum reflecting an agreement to open unconditional letters of credit is not sufficient to support an alleged contract of guarantee. *See, e.g., Stone v. Metropolitan Life Insurance Co.*, 12 N.Y.2d 487, 491, 191 N.E.2d 287, 288, 240 N.Y.S.2d 754, 755 (1963) (per curiam); *Standard Oil, supra*, 260 N.Y. at 155, 183 N.E. at 279; *Poel, supra*, 216 N.Y. at 314, 310 N.E. at 620; *Dorman, supra*, 66 A.D.2d at 414, 413 N.Y.S.2d at 379; *Kobre, supra*, 54 A.D.2d at 626, 387 N.Y.S.2d at 619.

█ Plaintiff also contends that in continuing to ship coal to Alla and in not seeking to recover coal already shipped, plaintiff has already performed its end of the bargain and that the contract may therefore be enforced on a theory of partial performance. However, partial performance, under New York law, must be unequivocably referable to the alleged oral contract. Where, as here, plaintiff had a contractual obligation to deliver coal to Alla, the performance of that contractual obligation cannot properly be regarded as unequivocably referable to the alleged oral contract of guarantee. Therefore, it cannot constitute the part performance which the New York courts have recognized as sufficient to take an otherwise unenforceable oral contract outside of the statute of frauds. *See, e.g., American Bartenders School, Inc. v. 105 Madison Co.*, 59 N.Y.2d 716, 718, 450 N.E.2d 230, 230, 463 N.Y.S.2d 424, 424 (1983); *Anostario v. Vicinanzo*, 59 N.Y.2d 662, 664, 450 N.E.2d 215, 216, 463 N.Y.S.2d 409, 410 (1983); *Geraci v. Jenrette*, 41 N.Y.2d 660, 666–67, 363 N.E.2d 559, 564, 394 N.Y.S.2d 853, 857–58 (1977); *Burns v. McCormick*, 233 N.Y. 230, 232, 135 N.E. 273, 273 (1922); *Woolley v. Stewart*, 222 N.Y. 347, 351, 118 N.E. 847, 848 (1918); *Cunnison, supra*, 107 A.D.2d at 54, 485 N.Y.S.2d at 276–77; *Bakhshandeh v. American Cyanamid Co.*, 8 A.D.2d 35, 38, 185 N.Y.S.2d 635, 638 (1st Dept. 1959); *Bright Radio Laboratories, Inc. v. Coastal Commercial Corp.*, 4 A.D.2d 491, 494, 166 N.Y.S.2d 906, 909–10 (1st Dept. 1957).

The only remaining issue then is whether concepts of equitable and/or promissory estoppel render the oral contract enforceable against the defendant. Plaintiff contends that had not the defendant orally guaranteed the performance of Alla's obligations, plaintiff would have ceased shipping coal to Alla and would have attempted to retrieve coal already shipped, and thus has suffered substantial prejudice in reliance upon Steag's promise.

█ However, although the New York cases may not reflect a consistent pattern in distinguishing between equitable estoppel, promissory estoppel, and part performance, it is clear in New York that concepts of estoppel may require the enforcement of an oral promise only where a plaintiff has suffered an unconscionable injury. *See, e.g., Philo Smith & Co. v. USLIFE Corp.*, 554 F.2d 34, 36 (2d Cir.1977); *American Bartenders School, supra*, 59 N.Y.2d at 718, 450 N.E.2d at 230, 463 N.Y.S.2d at 424; *Cunnison, supra*, 107 A.D.2d at 53,

---

**5.** Plaintiff also argues that Steag opened these unconditional letters of credit directly in favor of Hawley, and that this constitutes an agreement to unequivocally guarantee payment of Alla to Hawley. Dr. Mulert consistently testified that Steag never opened any letter of credit directly in Hawley's favor, *see, e.g.*, Tr. at 434–38, 468, although he acknowledged that letters of credit opened for Alla could indirectly benefit Hawley because they could be transferred to Hawley. *See, e.g., id.* at 478; *cf. id.* at 415–17, 437–38, 462.

485 N.Y.S.2d at 275–76; *Ginsberg, supra,* 81 A.D.2d at 320–21, 440 N.Y.S.2d at 224; *Swerdloff v. Mobil Oil Corp.,* 74 A.D.2d 258, 264, 427 N.Y.S.2d 266, 269–70 (2d Dept.), *leave to appeal denied,* 50 N.Y.2d 913, 409 N.E.2d 995, 431 N.Y.S.2d 523 (1980). Plaintiff has suffered no such unconscionable injury in this case.

■ The only injury which plaintiff alleges is that which resulted from its performance of its contractual obligations to Alla. If that were sufficient, then in every case in which a seller has performed its contractual obligation, an oral contract of guarantee would be enforceable against the alleged guarantor. This result would not be consistent with the protection against oral testimony that the statute of frauds was designed to afford. *Cf. Martin Roofing, supra,* 60 N.Y.2d at 266, 457 N.E.2d at 702, 469 N.Y.S.2d at 597. Plaintiff has cited no authority which supports the claim that the performance of a contractual obligation is sufficient to equitably estop a defendant from relying on the statute of frauds.

*M.H. Metal Products Corp. v. April,* 251 N.Y. 146, 167 N.E. 201 (1929), relied upon by plaintiff, is legally and factually inapposite. In that case, a defendant solicited an oral modification of a contract under which it had guaranteed payment, and orally agreed that the guarantee would continue under the modified contract. When plaintiff sued to enforce the guarantee, the defendant interposed the defense of the statute of frauds. The Court found it would be unconscionable and subversive of the broad policies of the statute to allow a defendant to assert the defense of the statute of frauds under those circumstances. *See id.,* 251 N.Y. at 150, 167 N.E. at 202. This case presents no such facts.

It follows from what has been said that defendant's motion for judgment notwithstanding the verdict must be granted and a judgment should be entered accordingly.

It is SO ORDERED.