■ PRAKASH MELWANI, Appellant-Respondent, v PRAMOD K. JAIN et al., Respondents-Appellants. [722 NYS2d 145] —Order, Supreme Court, New York County (Paula Omansky, J.), entered November 5, 1999, which, inter alia, dismissed plaintiff's causes of action for breach of contract, promissory estoppel and fraudulent inducement, unanimously affirmed, without costs.

The alleged oral agreement, under which defendants were to pay plaintiff a royalty during his lifetime, and then pay it to his heirs in perpetuity, was correctly held to be unenforceable

under the Statute of Frauds as incapable of performance within one year or of complete performance before the end of plaintiff's lifetime (General Obligations Law § 5-701 [a] [1]; *see, North Shore Bottling Co. v Schmidt & Sons*, 22 NY2d 171, 175-176; *Yedvarb v Yedvarb*, 237 AD2d 433, *lv denied* 90 NY2d 804). Plaintiff's claim of promissory estoppel does not allow plaintiff to circumvent the Statute of Frauds since there is neither allegation nor proof of the infliction of unconscionable injury on plaintiff as a result of any reliance he placed on defendant's alleged promises (*see, American Bartenders School v 105 Madison Co.*, 59 NY2d 716; *Ginsberg v Fairfield-Noble Corp.*, 81 AD2d 318, 320-321).

The causes of action for quantum meruit and a quasi-contract were properly sustained as against the individual defendants upon evidence showing that they are the sole owners of the corporate defendants, that they organized the corporate defendants after the alleged oral agreement, and that they paid plaintiff from the account of a separate company they owned, raising an issue of fact as to whether they were acting on behalf of disclosed principals or had personally assumed responsibility for payment of plaintiff's services as an employee. We have considered the parties' other contentions for affirmative relief and find them unavailing. Concur—Rosenberger, J. P., Tom, Ellerin, Rubin and Buckley, JJ.