■ MARJAX ENTERPRISES, INC., Respondent-Appellant, v UPSTATE HIAWA- THA PLAZA CO., INC., et al., Appellants-Respondents.—Judgment and order

denying plaintiff's motion to correct clerk's minutes unanimously modified in accordance with memorandum and, as modified, judgment and orders affirmed, with costs, to plaintiff. Memorandum: Plaintiff commenced this action to recover money allegedly due it from defendants for vacating certain store premises in Hiawatha Shopping Plaza prior to the expiration of its lease. The corporate defendant wished to acquire the demised premises to remodel and relet them at more favorable rent. The claim is based upon two alleged letter agreements between plaintiff and defendant Upstate Hiawatha Plaza Co., Inc., one dated January 23, 1975 and the other (which extended the January 23 agreement) dated June 2, 1975 and on a mortgage note executed by Upstate Hiawatha on March 15, 1975. The note was guaranteed by defendant Gallagher by an unlimited guarantee instrument dated March 15, 1975 and by defendant Whitmore by a similar instrument dated June 2, 1975. The jury found by its verdict that Upstate Hiawatha, by accepting the terms of the letter written by plaintiff's attorney and dated January 23, 1975 agreed that if plaintiff vacated premises within the plaza within 45 days of delivery of a mortgage note securing the agreement, it would pay plaintiff $145,000 on or before June 1, 1975 and that to secure this debt defendant executed the March 15 mortgage note, that plaintiff performed its obligations under the agreement but that Upstate did not. The jury also found that thereafter, by letter dated June 2, 1975, Upstate Hiawatha offered to pay $10,000 for a 60-day extension of the June 1 due date and 15% interest on the $145,000 debt in case of default thereafter if plaintiff would forebear from collection during the 60 days, that plaintiff accepted the offer by not attempting to collect the debt and that Upstate Hiawatha defaulted in its promises to pay. The individual defendants were held liable on their guarantees. The issues surrounding the making and validity of these agreements presented factual questions and the jury's verdict is amply supported by the evidence. We find no merit to appellant's contention that the individual defendants' guarantees were voided by the extension agreement contained in the June 2 letter. The extension was proposed by the guarantors' attorney. They acquiesced in it and were bound by it (see M. H. Metal Prods. Corp. v April, 251 NY 146, 150). Indeed, the guarantee of defendant Whitmore was executed the same day as this letter and was transmitted to plaintiff with it. Defendants further contend that the debt is void because of plaintiff's alteration of the mortgage instruments. The collateral mortgage note was not altered by the plaintiffs and the alterations in the second mortgage given as security for the debt were either immaterial or authorized by defendants' attorney and did not vitiate the underlying debt (see *Booth v Powers,* 56 NY 22; *Meyer v Huneke,* 55 NY 412). We have considered the other matters raised by appellants and find no basis to reverse the judgment or the orders granting plaintiff an additional allowance and denying defendants' motion to set aside the verdict. On its cross appeal plaintiff alleges that the jury incorrectly determined the amount of damages. When reporting the verdict, the foreman announced a verdict of $181,500, stating it was "a calculation based on the $145,000 figure with $10,000 extension, at a rate of 15% over two years." Manifestly, the verdict was not calculated accurately. If plaintiff was entitled to recover as the jury found, then it was entitled to $145,000 plus 15% simple interest for the period from the date of default, August 3, 1975 to the date of verdict, June 20, 1977 plus $10,000 extension fee at 6% interest (since no rate of interest was provided in the agreements for the extension fee, CPLR 5001, 5004 *et seq.).* The error is an obvious mistake in arithmetic and we may correct it to reflect the jury's resolution of the issues (CPLR 5019, subd [a];

*Hodgkins v Mead,* 119 NY 166). The verdict is corrected to the amount of $197,156 principal and interest, damages due as of the date of the verdict, June 20, 1977, and the judgment and the order denying plaintiff's motion to correct the clerk's minutes are modified accordingly. (Appeals from judgment and orders of Onondaga Supreme Court—promissory note, breach of contract.) Present—Moule, J. P., Cardamone, Simons, Hancock, Jr., and Denman, JJ.