■ PAUL J. APOSTOLOS, Appellant, v R.D.T. BROKERAGE CORP., Respondent.—Order, Supreme Court, Bronx County (Alan Saks, J.), entered April 18, 1991, which, *inter alia,* denied plaintiff's motion for leave to serve an amended complaint, unanimously affirmed, without costs.

The underlying complaint alleged that in 1984 plaintiff and defendant reached an oral agreement, in accord with the custom and usage of the insurance business, whereby defendant, a general insurance brokerage company, would pay plaintiff, a licensed insurance broker, one-half of any commissions defendant received on insurance policies resulting from business produced by plaintiff and placed through defendant, and on renewals of such policies. It was further alleged that defendant paid the commissions on new policies accepted from plaintiff and on renewals of those policies until defendant terminated the agreement in June 1987, and that since that date defendant has withheld payments due at the time of termination on original policies placed and on renewals of policies previously placed. Plaintiff sought an accounting and recovery for his share of the commissions.

In July 1989, the IAS court (Jack Turret, J.) granted a motion by defendant to dismiss the complaint as unenforceable under the Statute of Frauds.

On appeal, this Court, in July 1990, modified by reinstating that part of the action seeking commissions on original policies placed by plaintiff through defendant before the parties' relationship was terminated, but affirmed the dismissal of the action to the extent it sought commissions on renewals *(Apostolos v R.D.T. Brokerage Corp.,* 159 AD2d 62). Regarding the placement of new policies, this Court concluded that since defendant was free at any time to decline new business brought in by plaintiff, this part of the agreement was capable of being performed within one year and thus was not covered by the Statute of Frauds (General Obligations Law § 5-701 [a] [1]). As to renewal of the policies, this Court found that since the accrual of defendant's liability to plaintiff was indefinite in time and completely within the control of third parties (i.e., holders of policies eligible for renewal), this part of the agreement was within the Statute of Frauds and, in the absence of a writing, unenforceable.

In December 1990, plaintiff moved in the IAS court for an order granting leave to amend his complaint. The court de-

nied the motion, concluding that the application to the trial court was not authorized in the first place and should have been addressed to the Appellate Division.

Without addressing the IAS court's conclusion that application for leave to amend should only have been addressed to this Court, we agree that plaintiff should not be granted leave to replead. Plaintiff seeks to amend the complaint to read: "The defendant at any time could decline to accept any original business *and any and all renewals of the policies* that were produced by the plaintiff and placed with the defendant." (Emphasis added.) However, plaintiff has provided no factual basis for his assertion that defendant was free under the parties' agreement to decline policy renewals at any time. Accordingly, the proposed amended pleading is without merit and should not be sustained.

This Court has affirmed the dismissal of that part of the action regarding the unpaid commissions on renewal premiums as unenforceable under the Statute of Frauds; a dismissal on those grounds "is at least sufficiently close to the merits for claim preclusion purposes to bar a second action" *(Smith v Russell Sage Coll.,* 54 NY2d 185, 194).

We have considered plaintiff's remaining contention and find it to be without merit. Concur—Carro, J. P., Wallach, Kassal and Rubin, JJ.