■ Charles Yassky et al., Plaintiffs, v Meltzer, Lippe, Goldstein & Schlissel, P.C., et al., Defendants. Meltzer, Lippe & Goldstein, LLP, Third-Party Plaintiff-Appellant, v Smith & Shapiro et al., Third-Party Defendants-Respondents. [828 NYS2d 313]—

Order, Supreme Court, New York County (Harold B. Beeler, J.), entered January 4, 2006, which, in an action for legal malpractice, granted third-party defendants attorneys' motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the third-party complaint, unanimously affirmed, without costs.

The complaint alleges that the individual plaintiff retained third-party plaintiffs (Meltzer) to represent him in acquiring certain real properties and reselling them in vacant condition; that upon Meltzer's advice and under its auspices, the individual plaintiff formed plaintiff limited liability company (the Company) for the purpose of acquiring the properties and reselling them in vacant condition; and that an eviction proceeding instituted by the Company was initially unsuccessful, resulting in delay and other damages, because of Meltzer's negligence in

failing to publish notice of the Company's formation. Under Limited Liability Company Law § 206, publication for six successive weeks within 120 days after the effectiveness of an LLC's articles of organization is a condition to the LLC's ability to maintain a lawsuit in New York. Meltzer's third-party complaint, as amplified by its affidavit in opposition, alleges that it was retained by the individual plaintiff to represent him in the acquisition of certain real properties; that it formed the Company for that "sole purpose"; and that after acquiring title to the properties, the Company retained third-party defendants (Smith) to handle tenant buyouts and eviction proceedings. Meltzer points out that under section 206, a failure to publish does not impair the validity of any act performed by an LLC other than its bringing a lawsuit in New York, and argues that it was Smith's responsibility, as the attorney retained by the Company to bring a lawsuit, to perform the publication and ensure the Company's standing to sue. We note that section 206 is found under an article entitled "Formation," and that it gives an LLC 120 days to satisfy the publication requirement during which it can apparently maintain a lawsuit. The submissions on the motion conclusively established that Smith was not retained to effectuate publication and, under the circumstances, is not responsible for the failure to publish. Concur—Tom, J.P., Saxe, Marlow, McGuire and Malone, JJ.