■ DENNIS V. CRAWFORD, Appellant-Respondent, v VILLAGE OF MILLBROOK, Respondent-Appellant. [877 NYS2d 690]—In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Dutchess County (Dolan, J.), dated March 2, 2007, as denied his motion for summary judgment on the issue of liability, and the defendant cross-appeals from so much of the same order as denied its cross motion for summary judgment dismissing the complaint.

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Dutchess County (Brands, J.), dated October 15, 2007, which, after a nonjury trial, and upon the granting of the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law, made at the close of evidence, is in favor of the defendant and against him, dismissing the complaint.

Ordered that the judgment is reversed, on the law, the motion pursuant to CPLR 4401 for judgment as a matter of law is denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Dutchess County, for a new trial, with costs to abide the event.

On October 6, 2004, the plaintiff allegedly was injured in a motorcycle accident on Route 343 in the Village of Millbrook. The plaintiff was riding on a curved section of the road, at a T-shaped intersection with Church Street, when his motorcycle slipped out from under him.

The plaintiff commenced this personal injury action against the Village. Although Route 343 was maintained by the State of New York, the defendant was responsible for maintaining Church Street. The plaintiff's theory was that his motorcycle slipped on gravel, which had been deposited onto Route 343 after coming loose from the asphalt on Church Street as a result of negligent resurfacing work performed by the defendant one month prior to the accident.

The plaintiff moved for summary judgment on the issue of liability, and the defendant cross-moved for summary judgment dismissing the complaint. The Supreme Court, Dutchess County (Dolan, J.), correctly determined that neither party had established its entitlement to judgment as a matter of law, and thus properly denied the motion and the cross motion. The evidence submitted in support of the motion and cross motion demonstrated that there existed triable issues of fact—principally, whether gravel was present on Route 343 due to the defendant's negligence.

At trial, the plaintiff testified that, due to the injuries he sustained, he had no recollection of the accident. The testimony of an eyewitness, Gloria Wood, who was driving her car behind the plaintiff at the time of the accident, established that the plaintiff was driving safely, at approximately 40 miles per hour, when the rear tire of his motorcycle slipped on gravel on the portion of the road that abutted Church Street. Wood testified that she had traveled past the accident site every working day for the past 15 years, and throughout that time she had observed "the same gravel in the same area." On the day of the accident, however, the amount of gravel present at the accident site was "a lot more than usual." The plaintiff also presented testimony from an asphalt paving expert, who opined that the defendant's employees were negligent in resurfacing Church Street, and that their negligence caused loose material, primarily gravel, to separate from the new blacktop and spread onto Route 343. Police Officer John McMahon, who responded to the

scene of the accident, filed a report listing "sun glare" and "driver inexperience" as factors contributing to the accident, but he admitted at trial that he had no knowledge as to whether any lack of experience on the plaintiff's part actually contributed to the accident. When asked whether he saw debris, sand or gravel at the accident site, McMahon responded: "Nothing out of the ordinary. . . . Just regular roadside debris."

After both parties rested, the defendant moved pursuant to CPLR 4401 for judgment as a matter of law. The Supreme Court concluded, in effect, that the plaintiff had not established a prima facie case, reasoning that Wood and McMahon had testified, "in effect [that] there was nothing out of the ordinary on the day of this accident," and that gravel was "there all the time in this section of the state highway, and it might be a little more, might be a little bit less." Accordingly, the court granted the defendant's motion, and entered judgment in favor of the defendant, dismissing the complaint.

A motion for judgment as a matter of law pursuant to CPLR 4401 may be granted only when the trial court determines that, upon the evidence presented, "there is no rational process by which the fact trier could base a finding in favor of the nonmoving party" (*Szczerbiak v Pilat,* 90 NY2d 553, 556 [1997]; *Handwerker v Dominick L. Cervi, Inc.,* 57 AD3d 615 [2008]). In considering such a motion, "the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (*Szczerbiak v Pilat,* 90 NY2d at 556; *Handwerker v Dominick L. Cervi, Inc.,* 57 AD3d at 615).

In this case, the plaintiff presented legally sufficient evidence to support a finding of liability on the part of the defendant. The Supreme Court's reliance on McMahon's testimony was misplaced. McMahon testified in a vague and conclusory manner that the gravel on the roadway was "[n]othing out of the ordinary," but he did not examine the specific location where the plaintiff's motorcycle slipped, and he did not testify that he had ever observed the gravel condition at that intersection on any prior occasion, such that he would be aware of what was "ordinary" at that location. Wood, by contrast, had observed the ordinary condition of the subject intersection over the course of 15 years, and contrary to the Supreme Court's characterization of her testimony, Wood stated that the gravel present on the roadway at the time of the accident was "a lot more than usual." This testimony, together with the testimony of the plaintiff's asphalt paving expert and the photographs of the ac-

cident site admitted into evidence, supported the plaintiff's theory that the defendant's recent resurfacing work on Church Street had produced an unusually large amount of gravel, which was spread onto Route 343, creating the hazardous condition that caused the plaintiff's accident.

Viewing the evidence in the light most favorable to the plaintiff, and affording the plaintiff every inference which may properly be drawn from the facts presented, there was a rational process by which a trier of fact could render a verdict in favor of the plaintiff. Thus, the defendant was not entitled to judgment as a matter of law. Prudenti, P.J., Santucci, Florio and Belen, JJ., concur.