■ EXCELSIOR CAPITAL, LLC, Appellant, et al., Plaintiff, v SUPERIOR BROADCASTING COMPANY, INC., Defendant, and C. ROBERT ALLEN III et al., Respondents. [918 NYS2d 148]—

Over the approximately six-month period between January 15, 2004, and July 28, 2004, the plaintiff Richard Davis, as president of and on behalf of the plaintiff Excelsior Capital, LLC (hereinafter Excelsior), made five loans to the defendant Superior Broadcasting Company, Inc. (hereinafter Superior), totaling over $18,000,000. Each loan was evidenced by a promissory note. Three of the five notes were personally guaranteed by the defendant C. Robert Allen III (hereinafter Allen), who owned 60% of Superior's stock, and was the trustee of a family trust which held an additional 30% of Superior's stock. In 2005 Allen allegedly requested an extension of the maturity dates of the three notes he had guaranteed, and Davis allegedly agreed to extend the maturity dates of the subject notes. Superior paid Excelsior a fee for extending the maturity date of at least one of the three notes, and Excelsior thereafter received payments for that note at a higher interest rate. After Superior defaulted on its payment obligations in 2006, Excelsior and Davis commenced

this action, inter alia, to recover upon the notes and Allen's personal guarantees. The action proceeded to trial in June 2009 and, at the close of evidence, Allen and his property management guardian, Luke Allen, moved pursuant to CPLR 4401 for judgment as a matter of law dismissing the ninth, thirteenth, and seventeenth causes of action, by which Excelsior sought to recover upon the personal guarantees. The Supreme Court granted the motion, concluding that Allen's obligation as guarantor was discharged because he did not consent to extend the maturity dates of the three notes guaranteed by him. Excelsior appeals from the dismissal of the ninth, thirteenth, and seventeenth causes of action.

Initially, we agree with the Supreme Court that Allen's obligations under the guarantees would be discharged if the subject notes were modified without his consent. "A guarantor's obligation cannot be altered without its consent; if the original note is modified without its consent, a guarantor is relieved of its obligation" (*White Rose Food v Saleh*, 99 NY2d 589, 591 [2003]; *see Bier Pension Plan Trust v Estate of Schneierson*, 74 NY2d 312, 315 [1989]; *Mackler v Burke*, 2 AD3d 505 [2003]). The rationale for discharging a guarantor when the underlying note is modified is that the modification substitutes a new obligation for the old one, and the guarantor cannot be held responsible for the failure of the principal to perform an obligation other than the obligation originally guaranteed (*see Bier Pension Plan Trust v Estate of Schneierson*, 74 NY2d at 315; *Arlona Ltd. Partnership v 8th of Jan. Corp.*, 50 AD3d 933, 934 [2008]). Moreover, an agreement to extend the maturity date of a note clearly constitutes a modification which will relieve a guarantor of his or her obligations unless the guarantor consented to the extension (*see White Rose Food v Saleh*, 99 NY2d at 591; *Bier Pension Plan Trust v Estate of Schneierson*, 74 NY2d at 316).

However, a motion for judgment as a matter of law pursuant to CPLR 4401 may be granted only when the trial court determines that, upon the evidence presented, "there is no rational process by which the fact trier could base a finding in favor of the nonmoving party" (*Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). In making this evaluation, "the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (*id.* at 556; *see Goldberg v Horowitz*, 73 AD3d 691 [2010]; *Crawford v Village of Millbrook*, 61 AD3d 918, 919 [2009]).

Applying these principles here, the evidence presented at trial

provided a rational basis upon which the jury could have found that Allen, who allegedly requested an extension of the maturity dates of the notes he had guaranteed, and who was allegedly consulted regarding the decision to extend the maturity dates, did in fact consent to the extensions (*see M. H. Metal Prods. Corp. v April*, 251 NY 146, 150 [1929]; *L & W Supply Corp. v A.D.F. Drywall, Inc.*, 55 AD3d 1026, 1027-1028 [2008]; *Arlona Ltd. Partnership v 8th of Jan. Corp.*, 50 AD3d 933 [2008]; *Marjax Enters. v Upstate Hiawatha Plaza Co.*, 62 AD2d 1159, 1160 [1978]; *London Leasing Corp. v Interfina, Inc.*, 53 Misc 2d 657, 660-661 [1967]). Accordingly, the Supreme Court erred in dismissing Excelsior's causes of action to recover upon Allen's three personal guarantees, and the matter must be remitted to the Supreme Court, Nassau County, for a new trial on those causes of action.

In light of our determination, we need not reach Excelsior's remaining contentions. Mastro, J.P., Dillon, Eng and Chambers, JJ., concur.