■ JOHN A. VACCARINO et al., Appellants, v MAD DEN, INC., Doing Business as CAFÉ STREGA, et al., Respondents. [955 NYS2d 122]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Scheinkman, J.), entered September 20, 2010, which, upon a jury verdict, and an order of the same court entered August 30, 2010, among other things, denying the branch of their motion pursuant to CPLR 4404 (a) which was to set aside the verdict as contrary to the weight of the evidence and for a new trial, is in favor of the defendants and against them dismissing the complaint and on the defendants' counterclaims and against them in the principal sum of $216,875.

Ordered that the judgment is affirmed, without costs or disbursements.

A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Nicastro v Park*, 113 AD2d 129, 134 [1985]). Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather, requires a discretionary balancing of many factors (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *Fowler v Jamaica Bus*, 62 AD3d 943 [2009]). It is for the trier of fact to make determinations as to the credibility of witnesses, and great deference is accorded to the factfinders in this regard, as they had the opportunity to see and hear the witnesses (*see Alatzas v National R.R. Passenger Corp.*, 67 AD3d 832 [2009]; *Bertelle v New York City Tr. Auth.*, 19 AD3d 343 [2005]). In this case, the jury verdict is supported by a fair interpretation of the evidence (*see Palermo v Original California Taqueria, Inc.*, 72 AD3d 917 [2010]; *Exarhouleas v Green 317 Madison, LLC*, 46 AD3d 854 [2007]; *Rahman v Smith*, 40 AD3d 613 [2007]). Accordingly, the Supreme Court properly denied that branch of the appellants' motion pursuant to CPLR 4404 (a) which was to set aside the verdict as contrary to the weight of the evidence and for a new trial.

The Supreme Court's charge, as a whole, adequately conveyed the proper legal principles to the jury (*see Nestorowich v Ricotta*, 97 NY2d 393, 400-401 [2002]; *Winderman v Brooklyn/McDonald Ave. Shoprite Assoc., Inc.*, 85 AD3d 1018 [2011]; *Delong v County of Chautauqua*, 71 AD3d 1580 [2010]).

The appellants' remaining contentions are without merit. Angiolillo, J.P., Balkin, Lott and Roman, JJ., concur.