*671 The plaintiffs in this action sought to recover, inter alia, on a series of loans made by Excelsior Capital, LLC (hereinafter Excelsior), to the defendant Superior Broadcasting Company, Inc. (hereinafter Superior), some of which were personally guaranteed by the decedent C. Robert Allen, III. After a trial, the Supreme Court granted that branch of Allen’s motion which was pursuant to CPLR 4401 to dismiss the causes of action to recover against him on the guarantees, finding that the evidence established that the notes had been modified without Allen’s consent, thereby discharging his liability as guarantor.
On a prior appeal, this Court reversed so much of the judgment as dismissed the causes of action to recover against Allen on the guarantees, holding that “the evidence presented at trial provided a rational basis upon which the jury could have found that Allen, who allegedly requested an extension of the maturity dates of the notes he had guaranteed, and who was allegedly consulted regarding the decision to extend the maturity dates, did in fact consent to the extensions” (Excelsior Capital, LLC v Superior Broadcasting Co., Inc., 82 AD3d 696, 698-699 [2011]). Thereafter, Allen died and the estate of C. Robert Allen, III, by its executrix, Grace M. Allen (hereinafter the estate), was substituted in his place in the action. The causes of action to recover on the guarantees were the subject of a second trial, after which a verdict was rendered in favor of Excelsior and against the estate.
Contrary to the estate’s claim, the Supreme Court did not err in refusing its request to charge the jury that, absent a writing signed by the guarantor consenting to modifications of the notes, the guarantees were unenforceable unless Excelsior could establish promissory estoppel. Rather, the Supreme Court’s instructions to the jury that a guarantor’s consent to a modification of the underlying obligation need not be in writing, that a guarantor who requested a modification necessarily consented *672 to it, that the guarantor’s conduct at the time of and after the modification may be considered on the issue of consent, and that a guarantor’s mere silence or failure to object is insufficient, standing alone, to establish consent, were all accurate statements of the law (see M. H. Metal Prods. Corp. v April, 251 NY 146, 150 [1929]; Excelsior Capital, LLC v Superior Broadcasting Co., Inc., 82 AD3d 696 [2011]; Arlona Ltd. Partnership v 8th of Jan. Corp., 50 AD3d 933 [2008]; Marjax Enters, v Upstate Hiawatha Plaza Co., 62 AD2d 1159 [1978]; London Leasing Corp. v Interfina, Inc., 53 Misc 2d 657 [1967]).
We also reject the estate’s arguments with respect to the Supreme Court’s agency charge, which accurately stated the law (see Farr v Newman, 14 NY2d 183 [1964]; White Plains Cleaning Seros., Inc. v 901 Props., LLC, 94 AD3d 1108 [2012]; Smalls v Reliable Auto Serv., 205 AD2d 523, 524 [1994]). Moreover, the estate’s claim that the court’s charge to the jury was unbalanced in favor of Excelsior is without merit.
The jury’s verdict can be reconciled with a reasonable view of the evidence and was not inconsistent (see Miller v Long Is. R.R., 286 AD2d 713, 714 [2001]). Moreover, the evidence did not so preponderate in favor of the estate and against Excelsior that the verdict in Excelsior’s favor was against the weight of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]; Nicastro v Park, 113 AD2d 129, 134 [1985]).
Finally, the estate was not deprived of a fair trial by the Supreme Court’s refusal to ask a witness a question proposed by a juror, which was purportedly relevant to the issue of credibility. Dillon, J.P., Balkin, Leventhal and Hall, JJ., concur.