*842 In an action for specific performance and to recover damages for breach of contract, the defendant Frank Racanelli appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Giacomo, J.), entered March 12, 2012, as denied those branches of his motion which were pursuant to CPLR 4404 (a) to set aside a jury verdict on the issue of liability on the second cause of action, sounding in breach of contract, as contrary to the weight of the evidence and for a new trial, or, in the alternative, to set aside so much of the jury verdict as awarded the plaintiff interest at a rate of 10% per annum from March 31, 2001, to the date of the verdict on the principal amount due on a certain promissory note.
Ordered that appeal from so much of the order as denied that branch of the appellant’s motion which was to set aside so much of the jury verdict as awarded the plaintiff interest at a rate of 10% per annum from March 31, 2001, to the date of the verdict on the principal amount due on a certain promissory note is dismissed as academic in light of our determination on the companion appeal (see Sokolik v Pateman, 114 AD3d 839 [2014] [decided herewith]); and it is further,
Ordered that the order is affirmed insofar as reviewed; and it is further,
Ordered that one bill of costs is awarded to the plaintiff.
A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744 [1995]; Guan Tou Mkt., Inc. v 373 Wythe Ave. Realty, Inc., 111 AD3d 667 [2013]).
The contract at issue here required repayment of the principal sum of $216,250 one year after the date of an underlying promissory note. The jury determined that the contract was breached when the money lent by the plaintiff was not repaid within one year after the date of the promissory note. Under the circumstances of this case, and according deference to the jury’s “opportunity to see and hear the witnesses” (Exarhouleas v Green 317 Madison, LLC, 46 AD3d 854, 855 [2007]; see Vaccarino v Mad Den, Inc., 100 AD3d 867, 867 [2012]), we find that the verdict was based upon a fair interpretation of the evidence presented to the jury and, thus, was not contrary to the weight of the evidence (see Lolik v Big V Supermarkets, 86 NY2d at 745-746; Excelsior Capital, LLC v Superior Broadcasting Co., Inc., 101 AD3d 670 [2012]; Vaccarino v Mad Den, Inc., 100 AD3d 867 [2012]).
Accordingly, the Supreme Court properly denied that branch of the appellant’s motion which was pursuant to CPLR 4404 (a) *843 to set aside the jury verdict on the issue of liability on the second cause of action, sounding in breach of contract, as contrary to the weight of the evidence and for a new trial. Skelos, J.E, Hall, Cohen and Hinds-Radix, JJ., concur.