492

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered September 11, 2015, which granted defendant's motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, with costs.

"An action for legal malpractice requires proof of three elements: (1) that the attorney was negligent; (2) that such negligence was a proximate cause of plaintiff's losses; and (3) proof of actual damages" (*Global Bus. Inst. v Rivkin Radler LLP*, 101 AD3d 651, 651 [1st Dept 2012] [citation omitted]). "[T]he failure to show proximate cause mandates the dismissal of a legal malpractice action regardless of whether the attorney was negligent" (*id.*), and for this reason, Excelsior's claims were properly dismissed.

In the underlying action, the Second Department found that the trial court erred in dismissing Excelsior's causes of action to recover upon the guarantor's three personal guarantees, finding that a jury could have found that the guarantor consented to the extensions of said guarantees, and remitted the matter for a new trial on those causes of action (*Excelsior Capital, LLC v Superior Broadcasting Co., Inc.*, 82 AD3d 696, 699 [2d Dept 2011] [citations omitted]). The trial court's error in that enforcement action was "independent of or far removed from the [attorney's] conduct," and therefore constituted an intervening cause, breaking any proximate cause by the defendants (*Kriz v Schum*, 75 NY2d 25, 36 [1989], quoting *Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]). In any event, plaintiff's causation theory is speculative.

"[T]he 'selection of one among several reasonable courses of action does not constitute malpractice'" (*Zarin v Reid & Priest*, 184 AD2d 385, 387 [1st Dept 1992]). The issue in this case is a May 26 letter which merely reserved Excelsior's rights while the parties worked out a possible forbearance agreement and redocumentation of the notes and guarantees, and did not ask the guarantor to reaffirm his guarantees. This was a reasonable course of action based on statements made by the guarantor's attorney as to the continuing validity of the guarantees, and the fact that the parties were attempting resolution of this matter. More importantly, it was speculative to believe that the guarantor would have provided such a reaffirmance, since if prompt resolution was not reached, litigation was likely (*see Sherwood Group v Dornbush, Mensch, Mandels-*

*tam & Silverman*, 191 AD2d 292, 294 [1st Dept 1993]).
Concur—Friedman, J.P., Sweeny, Saxe, Richter and Kahn, JJ.

■ SOFIA NOBOA-JAQUEZ, Appellant, v TOWN SPORTS INTERNATIONAL, LLC, Doing Business as NEW YORK SPORTS CLUB, Respondent. [28 NYS3d 306]—

Order, Supreme Court, New York County (Andrea Masley, J.), entered August 6, 2014, which, among other things, denied plaintiff's motion seeking recusal and a mistrial, and order, same court and Justice, entered April 14, 2015, which, during a bench trial, granted defendant's motion pursuant to CPLR 4401 for judgment as a matter of law dismissing plaintiff's complaint, unanimously affirmed, without costs.

The trial court providently exercised its discretion in denying plaintiff's motion (*People v Moreno*, 70 NY2d 403, 405-406 [1987]). There is no evidence that an email referring to plaintiff's counsel in unflattering terms was read, sent, or received by Justice Masley. Nor does plaintiff point to any other evidence, such as adverse rulings or other actions evidencing the alleged judicial bias (*see R & R Capital LLC v Merritt*, 56 AD3d 370, 370 [1st Dept 2008]; *see also* 22 NYCRR 100.2 [A]; 100.3 [E] [1] [a] [i]).

The trial court correctly granted defendant's motion pursuant to CPLR 4401 at the close of plaintiff's case, as plaintiff failed to set forth a prima facie case of negligence. There was no rational process by which a factfinder could base a finding in favor of plaintiff (*see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). The mere presence of water on a tiled floor adjacent to the gym's showers cannot impart liability, particularly since water was necessarily incidental to the use of the area (*see Dove v Manhattan Plaza Health Club*, 113 AD3d 455, 455-456 [1st Dept 2014], *lv denied* 24 NY3d 901 [2014]). Nor, under the facts of the case, can liability be premised upon a lack of mats at the location of plaintiff's fall (*Jackson v State of New York*, 51 AD3d 1251, 1253 [3d Dept 2008]; *see Pomahac v TrizecHahn 1065 Ave. of Ams., LLC*, 65 AD3d 462, 465-466 [1st Dept 2009]). Plaintiff also failed to show that defendant created or had actual or constructive notice of the wet floor (*see Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969 [1994]). Concur—Friedman, J.P., Sweeny, Saxe, Richter and Kahn, JJ.

■ LEON POKOIK et al., Appellants, v NORSEL REALTIES et al., Respondents, et al., Defendants. [30 NYS3d 38]—