Nielsen v Vermeer Mfg. Co. (2021 NY Slip Op 02168)





Nielsen v Vermeer Mfg. Co.


2021 NY Slip Op 02168


Decided on April 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-02524
 (Index No. 610029/15)

[*1]Kenneth Nielsen, appellant,
v
Vermeer Manufacturing Co., respondent.


Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Lauren E. Bryant], of counsel), for appellant.
Cerussi & Spring, P.C., White Plains, NY (Thomas F. Cerussi and Melissa Ruth Stull, pro hac vice, of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (William G. Ford, J.), dated January 31, 2019. The judgment, upon a jury verdict in favor of the defendant on the issue of liability, and upon the denial of the plaintiff's motion pursuant to CPLR 4404(a) to set aside the verdict as contrary to the weight of the evidence and for a new trial, is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
In December 2012, the plaintiff was injured while operating a brush chipper manufactured by the defendant. The plaintiff commenced this action to recover damages for personal injuries, asserting causes of action, inter alia, sounding in negligence and strict products liability. A jury found in favor of the defendant on the issue of liability. The plaintiff then moved pursuant to CPLR 4404(a) to set aside the verdict as contrary to the weight of the evidence and for a new trial. The Supreme Court denied the plaintiff's motion and entered a judgment in favor of the defendant dismissing the complaint. The plaintiff appeals.
A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744; Sokolik v Pateman, 114 AD3d 841, 842). "It is for the jury to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses" (Harewood v Holmes, 163 AD3d 638, 638-639). Where conflicting expert testimony is presented, the jury is entitled to accept one expert's opinion and reject that of another (see Bohan v DeLucia, 178 AD3d 999, 1000). Here, we find that the verdict was based upon a fair interpretation of the evidence presented to the jury, and thus, the Supreme Court properly denied the plaintiff's motion pursuant to CPLR 4404(a) to set aside the verdict as contrary to the weight of the evidence and for a new trial.
RIVERA, J.P., MILLER, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court