Komolov v Popik (2022 NY Slip Op 01966)





Komolov v Popik


2022 NY Slip Op 01966


Decided on March 22, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 22, 2022

Before: Renwick, J.P., Manzanet-Daniels, Singh, Kennedy, Scarpulla, JJ. 


Index No. 155100/17 Appeal No. 15551 Case No. 2020-04460 

[*1]Alexander Komolov et al., Plaintiffs-Appellants,
v
Roman Popik et al., Defendants-Respondents. [And a Third-Party Action.]


Kranjac Tripodi & Partners LLP, New York (Joseph Tripodi of counsel), for appellants.
Lewis Brisbois Bisgaard & Smith LLP, New York (Mark K. Anesh of counsel), for respondents.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered on or about April 7, 2020, which, to the extent appealed from as limited by the briefs, granted the motion of defendants Roman Popik and Law Office of Roman Popik, P.C. to dismiss plaintiffs' cause of action for legal malpractice, unanimously reversed, on the law, with costs, the legal malpractice cause of action reinstated solely with respect to the sale of the condominium, and the matter remanded for proceedings consistent with this decision.
Defendants failed to establish a prima facie case that they were not negligent, that any negligence was not the proximate cause of plaintiffs' alleged damages, or that plaintiffs suffered no compensable damages (see generally Excelsior Capitol LLC v K&L Gates LLP, 138 AD3d 492, 492 [1st Dept 2016]). In a 2010 action involving sale of the condominium unit, among other things, Supreme Court issued an order dismissing, on statute of frauds grounds, a breach of contract claim regarding the sale. It later developed that there was, in fact, a written contract for the sale, and therefore, that the breach of contract action with respect to the sale was not barred by the statute of frauds. Nevertheless, defendants never moved to renew, vacate, or appeal the order.
Regardless of whether the dismissal on statute of frauds grounds was ultimately correct, defendants should have known that the condominium claims, which involved the sale of real property, would be subject to the statute of frauds and thus would require reference to a written contract (General Obligations Law § 5-703[2]); that the statute of frauds could be raised and adjudicated on a motion to dismiss under CPLR 3211(a)(5); and that a dismissal under the statute of frauds would be on the merits, thus precluding any future claim for damages on the sale of the condominium (see Apostolos v R.D.T. Brokerage Corp., 180 AD2d 569, 570 [1st Dept 1992]). As a result, with respect to the condominium sale, it cannot be determined as a matter of law that plaintiffs failed to plead a claim for legal malpractice based upon defendants' actions in litigating the breach of contract claim.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 22, 2022