SureTec Ins. Co. v Atlas Solar Holdings, LLC (2023 NY Slip Op 00227)

SureTec Ins. Co. v Atlas Solar Holdings, LLC

2023 NY Slip Op 00227

Decided on January 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
JANICE A. TAYLOR, JJ.

2020-04199
 (Index No. 603026/19)

[*1]SureTec Insurance Company, respondent, 
v
Atlas Solar Holdings, LLC, et al., appellants.

Silverberg, P.C., Central Islip, NY (Karl Silverberg of counsel), for appellants.
Chiesa, Shahinian & Giantomasi, P.C., New York, NY (Marc R. Lepelstat of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Nassau County (Steven M. Jaeger, J.), dated April 23, 2020. The order, insofar as appealed from, granted the plaintiff's motion for summary judgment on the issue of liability and denied the defendants' cross motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In September 2016, the defendants, Atlas Solar Holdings, LLC, and Yossef Kahlon (hereinafter together the Atlas defendants) requested that the plaintiff, SureTec Insurance Company (hereinafter SureTec), issue a supersedeas bond on their behalf to secure a judgment against them in a federal action. As a condition of the execution of the bond, SureTec required that the Atlas defendants sign indemnification agreements, which provided that the Atlas defendants would indemnify SureTec for "any and all liability, damage, loss, cost and expense of whatsoever kind or nature, including . . . attorney's fee[s], which SureTec or its agents or representatives may at any time sustain or incur by reason or in consequence of hav[ing] executed or procured the execution of the bond." In a subsequent state action, the Atlas defendants attempted to fix the supersedeas bond as an undertaking in connection with an order of attachment, and SureTec opposed the Atlas defendants' application.
SureTec commenced this action, inter alia, alleging breach of contract and seeking to recover attorneys' fees that it incurred by opposing the order of attachment. SureTec moved for summary judgment on the issue of liability, and the Atlas defendants cross-moved for summary judgment dismissing the complaint. By order dated April 23, 2020, the Supreme Court, among other things, granted SureTec's motion and denied the Atlas defendants' cross motion. The Atlas defendants appeal.
"[T]he right to contractual indemnification depends upon the specific language of the contract" (Garcia v Emerick Gross Real Estate, L.P., 196 AD3d 676, 679, quoting Kader v City of N.Y., Hous. Preserv. & Dev., 16 AD3d 461, 463). Here, SureTec demonstrated its prima facie entitlement to judgment as a matter of law on the issue of liability by submitting the indemnification [*2]agreements, the supersedeas bond, and proof that it incurred attorneys' fees in the execution of its interests related to the bond (see Utica Mut. Ins. Co. v Cardet Constr. Co., Inc., 114 AD3d 847, 849; International Fid. Ins. Co. v Kulka Constr. Corp., 100 AD3d 967, 968).
In opposition, the Atlas defendants failed to raise a triable issue of fact. Contrary to the Atlas defendants' contentions, the language of the indemnification agreements applies to the attorneys' fees related to SureTec's efforts in protecting its interests and obligations under the supersedeas bond, and it was reasonable for SureTec to incur attorneys' fees when the Atlas defendants improperly attempted to alter SureTec's obligation under the supersedeas bond (see Bier Pension Plan Trust v Estate of Schneierson, 74 NY2d 312, 315; Excelsior Capital, LLC v Superior Broadcasting Co., Inc., 82 AD3d 696, 698; cf. American Motorists Ins. Co. v Trans Intl. Corp., 265 AD2d 280, 281; American Motorists Ins. Co. v Napco Sec. Sys., 244 AD2d 197, 197).
Accordingly, the Supreme Court properly granted SureTec's motion for summary judgment on the issue of liability and properly denied the Atlas defendants' cross motion for summary judgment dismissing the complaint.
IANNACCI, J.P., CHAMBERS, MALTESE and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court