Lending Assets, LLC v Gerbi (2026 NY Slip Op 00472)

Lending Assets, LLC v Gerbi

2026 NY Slip Op 00472

Decided on February 03, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 03, 2026

Before: Webber, J.P., Kennedy, Mendez, Rodriguez, Michael, JJ. 

Index No. 152329-23|Appeal No. 5715|Case No. 2025-02334|

[*1]Lending Assets, LLC, Plaintiff-Appellant,
vGabriel Gerbi, Esq., et al., Defendants-Respondents.

Butler, Fitzgerald & Fiveson, New York (David K. Fiveson of counsel), for appellant.
Furman Kornfeld & Brennan LLP, New York (Aaron M. Barham of counsel), for respondents.

Order, Supreme Court, New York County (Judy H. Kim, J.), entered April 10, 2025, which, to the extent appealed as limited by the briefs, granted defendants' motion to dismiss the complaint in accordance with CPLR 3211(a)(1), unanimously affirmed, without costs.
Supreme Court properly dismissed this action, as the documentary evidence submitted by defendants in support of their motion to dismiss utterly refutes an essential element of plaintiff's legal malpractice claims — specifically, that defendants had a nondelegable duty to obtain valid title policies and ensure that certain mortgages were recorded in first lien positions (see Mill Fin., LLC v Gillett, 122 AD3d 98, 103 [1st Dept 2014]). Indeed, plaintiff admitted in a complaint in another action that it believed a third party had the duties that plaintiff ascribes to defendants in this complaint, that it relied on this belief to its detriment, and that this reliance led to damages. Thus, negligence, an essential element of a legal malpractice claim, has been "utterly refute[d]" because the allegations in the other complaint amount to a concession that the duties underlying plaintiff's legal malpractice cause of action are not, in fact, attributable to defendants (CPLR 3211[a][1]; see Excelsior Capital LLC v K&L Gates LLP, 138 AD3d 492, 492 [1st Dept 2016], lv denied 28 NY3d 906 [2016]; see also Yassky v Meltzer, Lippe, Goldstein & Schlissel, P.C., 36 AD3d 420, 421 [1st Dept 2007]). Furthermore, these judicial admissions constitute admissible documentary evidence for purposes of defendants' motion to dismiss (see New Greenwich Litig. Trustee, LLC v Citco Fund Servs. [Europe] B.V., 145 AD3d 16, 25 [1st Dept 2016], lv denied 29 NY3d 917 [2017]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 3, 2026